UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Russell and Malveaux
Argued at Richmond, Virginia

SIMONE BROWN

v.      Record No. 0722-16-2

PETERSBURG DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION[*] BY
JUDGE MARY BENNETT MALVEAUX
FEBRUARY 21, 2017

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

Jean M. McKeen (Tomlin & McKeen, PLLC, on brief), for
appellant.

Miriam Airington (Edie T. Conley, Guardian *ad litem* for the minor
child; Airington, Andraos & Rockecharlie PLLC, on brief), for
appellee.

Simone Brown ("mother") appeals an order terminating her residual parental rights to her

son, E. Mother contends that the circuit court erred in terminating her parental rights under

Code § 16.1-283(B) as the abuse and neglect that resulted in the child being brought into the

Department's care was substantially corrected and she participated and followed through with

services and rehabilitative efforts.[1] Finding that mother failed to challenge the circuit court's

termination of her parental rights under Code § 16.1-283(C), we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother also assigns error to the circuit court's separate order approving a change in
foster care plan. She contends that the circuit court failed to "properly consider" Code
§ 16.1-283(A), code § 16.1-283(A1), and Code § 16.1-282.1(C) in relation to possible relative
placement. Her argument fails for several reasons.
      The first code section cited by mother, Code § 16.1-283(A), applies to termination
decisions, not to change in foster care plans. However, even if we considered mother's argument
under this section, her argument would fail, as Code § 16.1-283(A) only requires that the court

I.  BACKGROUND

E. was born in November 2013, and shortly after his birth, the Petersburg Department of Social Services ("PDSS") became involved with the family.  On September 19, 2014, PDSS filed a petition alleging that E. was a child that was abused or neglected.  On November 5, 2014, the Petersburg Juvenile and Domestic Relations District Court ("JDR court") entered a preliminary removal order, transferring the custody of E. to PDSS.  The JDR court later approved an initial foster care service plan, with the goal of return home or relative placement.

PDSS subsequently filed a new foster care services plan recommending a change from the existing goal of return home to the goal of adoption, which was approved by the JDR court on October 7, 2015.  On December 2, 2015, the JDR court terminated the parental rights of mother.  Mother appealed the change in goal and termination orders of the JDR court to the Circuit Court of the City of Petersburg ("circuit court").  On March 31, 2016, the circuit court approved the change in foster services goal from return home to adoption and terminated parental rights of mother pursuant to Code § 16.1-283 under subsections (B) and (C).

II.  ANALYSIS

"When reviewing a decision to terminate parental rights, we presume the circuit court 'thoroughly weighed all the evidence, considered the statutory requirements, and made its

---

"give a consideration to granting custody to relatives of the child."  In this case, both relatives in question testified at trial, satisfying Code § 16.1-283(A).  See Hawthorne v. Smyth Cty. Dep't of Soc. Servs., 33 Va. App. 130, 139, 531 S.E.2d 639, 644 (2000).

Code § 16.1-283(A1), also cited by mother, only applies when an order is entered "transferring custody of the child to a relative or other interested individual."  Here, no order was entered transferring custody of E., thus this code section is inapplicable.

Lastly, mother contends in her assignment of error that the circuit court failed to adequately consider code § 16.1-282.1(C) in determining E.'s ability to be placed with relatives.  Mother then fails to cite any authority or make any argument regarding this code section in her brief.  "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not . . . correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  We therefore do not consider any argument concerning the circuit court's application of Code § 16.1-282.1(C).

- 2 -

determination based on the child's best interests.'" <u>Toms v. Hanover Dep't of Soc. Servs.</u>, 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting <u>Fields v. Dinwiddie Cty. Dep't of Soc. Servs.</u>, 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" <u>Logan v. Fairfax Cty. Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting <u>Peple v. Peple</u>, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" <u>Toms</u>, 46 Va. App. at 266, 616 S.E.2d at 769 (quoting <u>Farley v. Farley</u>, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

On appeal, mother argues that the evidence was insufficient to support termination pursuant to Code § 16.1-283(B), but she does not challenge the sufficiency of the evidence to support termination under Code § 16.1-283(C)(2). Mother's failure to challenge the circuit court's termination decision under Code § 16.1-283(C)(2) renders moot her claim regarding the termination under Code § 16.1-283(B), because termination of her parental rights would occur in any event under Code § 16.1-283(C)(2).

Terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." <u>City of Newport News Dep't of Soc. Servs. v. Winslow</u>, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). "[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" <u>Johnson v. Commonwealth</u>, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting <u>United States v. Hatchett</u>, 245 F.3d 625, 644-45 (7th Cir. 2001)). As the circuit court terminated mother's parental rights based upon

Code § 16.1-283(C)(2), this alternate holding makes it unnecessary for our Court to examine mother's arguments regarding termination under Code § 16.1-283(B).  See also Commonwealth v. Lambert, ___ Va. ___, ___, 793 S.E.2d 805, 810 (2016) (finding that the appellate court did not need to address alternate holdings of the trial court because it addressed an "independently dispositive ruling" of the trial court).

### III.  CONCLUSION

The decision of the circuit court is affirmed.

Affirmed.