COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


OTIS PURCELL JOHNSON, JR.
                                                            OPINION BY
v.        Record No. 3071-03-2              JUDGE D. ARTHUR KELSEY
                                                            FEBRUARY 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

(Michael E. Hollomon, on brief), for appellant.  Appellant
submitting on brief.

(Jerry W. Kilgore, Attorney General; Alice T. Armstrong,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


This case presents the question whether an appellant's failure to appeal one of two

alternative grounds for a trial court's decision waives any further appellate review of that

decision.  We hold that it does, subject to the caveat that the alternative holding must be legally

capable — standing alone — of supporting the trial court's decision.

I.

The trial court found Otis Purcell Johnson, Jr., guilty of possession of heroin with intent

to distribute.  Before trial, Johnson moved to suppress the evidence on the ground that the

arresting officer violated the Fourth Amendment by conducting an overbroad weapons frisk

during an investigatory detention.  During this frisk, the officer discovered heroin in a balled-up

jacket that Johnson had been tightly clutching.  At trial, the officer testified that outstanding

warrants existed for Johnson's arrest at the time of the encounter — a fact he would have learned

moments later while checking Johnson's identification. A search incident to arrest, the officer stated, would have necessarily followed.

The Commonwealth responded to the motion to suppress on two grounds. First, the prosecution claimed the circumstances justified a weapons search of the jacket. See generally Simmons v. Commonwealth, 217 Va. 552, 556, 231 S.E.2d 218, 221 (1977) (holding that, during a Terry stop, a weapons frisk may be conducted if the officer "reasonably believes that the individual might be armed"). The prosecution also argued, in the alternative, the inevitable discovery doctrine cured any potential violation of Fourth Amendment search and seizure principles. See generally Commonwealth v. Jones, 267 Va. 532, 535-38, 593 S.E.2d 204, 206-08 (2004) (tracing the history of the inevitable discovery doctrine and its application in Virginia).

The trial court denied Johnson's motion to suppress, holding that (i) the officer did not exceed the permissible limits of a weapons frisk, and (ii) in any event, the evidence proved the heroin would have been "inevitably discovered" by the officer even if the weapons frisk had not taken place due to the presence of several outstanding warrants for Johnson's arrest at the time of the encounter. Relying on both grounds, the trial court denied the motion.

II.

On appeal, Johnson challenges only the trial court's first holding. He argues the trial court erred in finding the weapons frisk was within the scope of permissible Fourth Amendment limits. On that basis, Johnson requests that we reverse the trial court's denial of the suppression motion and vacate his conviction. Johnson, however, does not challenge on appeal the trial court's alternative holding applying the inevitable discovery doctrine to the facts of this case.[1]

_____

[1] In its appellee's brief, the Commonwealth raised the trial court's inevitable discovery ruling as an alternative basis for affirming Johnson's conviction. Johnson filed no reply brief, which he had a right to do under Rules 5A:19(c)(3) and 5A:22.

From a practical point of view, for us to reverse the judgment, we would have to raise a challenge on Johnson's behalf to the trial court's inevitable discovery ruling, conceive of a reason to find fault with it, and then use that reason as a basis for setting aside Johnson's conviction. Suffice it to say, such an exercise of *sua sponte* judicial power would impermissibly place us in the role of advocate — far outside the boundaries of our traditional adjudicative duties.

For these reasons, we join the majority of jurisdictions holding that in "situations in which there is one or more alternative holdings on an issue," the appellant's "failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue." United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001) (quoting Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998)).[2] If we were to hold otherwise, "an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged." San Antonio Press v. Custom Bilt Machinery, 852 S.W.2d 64, 65 (Tex. App. 1993).

That said, we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision. See, e.g., Navajo Nation v. MacDonald, 885 P.2d 1104, 1106 (Ariz. Ct. App. 1994) (concluding that the alternative holdings "are sufficient to support the

---

[2] See also South Carolina Tax Comm'n v. Gaston Copper Recycling Corp., 447 S.E.2d 843, 847 (S.C. 1994) (affirming trial court "where an appellant fails to appeal the alternative ground of a trial judge's ruling"); San Antonio Press, Inc. v. Custom Bilt Machinery, 852 S.W.2d 64, 65 (Tex. App. 1993) ("When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm."); Morriss v. Enron Oil & Gas Co., 948 S.W.2d 858, 871 (Tex. App. 1997) (holding that appellant who does not complain about each independent ground waives his right to complain of the ruling). See generally 5 Am. Jur. 2d Appellate Review § 829 (2004) ("Essentially, therefore, where a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm.").

judgment" against the appellant); <u>Career Builders, Inc. v. S. Indus. Builders, Inc.</u>, 254 S.E.2d 508, 509 (Ga. Ct. App. 1979) (affirming trial court's judgment because the alternative ground was "sufficient on its face to support the judgment rendered"); <u>Britton v. Tex. Dep't of Crim. Justice</u>, 95 S.W.3d 676, 681 (Tex. App. 2002) (holding that the "unchallenged independent ground fully supports the complained-of ruling or judgment"). The trial court's characterization of its decision as an alternative holding, of course, does not end the matter. We must determine whether it is or not. But, in making that decision, we do not examine the underlying merits of the alternative holding — for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal.

In this case, we agree with the trial court that the inevitable discovery doctrine, when properly applied, serves as an adequate and independent legal basis for denying Johnson's motion to suppress. <u>See</u> <u>Jones</u>, 267 Va. at 535-36, 593 S.E.2d at 206 (applying inevitable discovery doctrine as a well recognized "exception" to the exclusionary rule); <u>Copeland v. Commonwealth</u>, 42 Va. App. 424, 432-37, 592 S.E.2d 391, 395-97 (2004) (recognizing "the inevitable discovery exception to an otherwise invalid warrantless search").[3] We do not, however, review the record to determine whether the trial court properly applied the doctrine to the factual circumstances of this case. Johnson waived that issue by not raising it on appeal.

---

[3] We reach this conclusion without first deciding the merits of the properly appealed question concerning the scope of the <u>Terry</u> weapons frisk. Given our holding, any discussion on that point would conflict with two principles of judicial self-restraint: our reluctance to issue what amounts to an "advisory opinion" on an inessential subject, <u>Craddock v. Commonwealth</u>, 40 Va. App. 539, 551 n.1, 580 S.E.2d 454, 461 n.1 (2003), and our corresponding desire to decide the case "on the best and narrowest ground available." <u>Air Courier Conference v. Am. Postal Workers Union</u>, 498 U.S. 517, 531 (1991) (Stevens, J., concurring).

For these reasons, we reject Johnson's appellate challenge to the trial court's denial of the motion to suppress and affirm his conviction.

<u>Affirmed.</u>