COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Haley
Argued at Chesapeake, Virginia


ANTHONY TAYLOR

                                                       MEMORANDUM OPINION[*] BY
v.        Record No. 0658-05-1               JUDGE JAMES W. HALEY, JR.
                                                            NOVEMBER 22, 2005
NORFOLK DIVISION OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Harry Dennis Harmon, Jr., for appellant.

Martha G. Rollins, Deputy City Attorney (Bernard A. Pishko,
City Attorney; Mary G. Commander, Guardian *ad litem* for the
minor child; Commander & Carlson, on brief), for appellee.


        In this proceeding to terminate his residual parental rights, Anthony Taylor, appellant,

asserts that the trial court erred by failing to grant his motion to strike the evidence.  Finding that he

failed to challenge the trial court's termination of his parental rights under Code § 16.1-283(B), we

affirm.

I.

        Following a series of three hearings in 2004-2005, the trial court terminated appellant's

residual parental rights as permitted by Code § 16.1-283(B) and (C)(2).  Appellant filed a timely

notice of appeal to this Court contending that Norfolk Division of Social Services failed to show by

clear and convincing evidence that all reasonable and appropriate efforts were taken to remedy the

situation leading to foster care.  As he conceded during oral argument, appellant's challenge relates

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

only to termination of his residual parental rights under Code § 16.1-283(C)(2) and not to the alternative grounds for termination under Code § 16.1-283(B).

When a party fails to present an argument in his brief, this Court will not consider that assignment of error. Rule 5A:20©, (e). Furthermore, "in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). Appellant failed to challenge the termination of his parental rights under Code § 16.1-283(B) [1] in either the "Questions Presented" or "Argument" section of his brief as required by Rule 5A:20 and admitted as much at oral argument. The rule contains no exception, either for the ends of justice or any other reason, and we decline to create one here.

Since appellant's failure to challenge the termination of his residual parental rights under Code § 16.1-283(B) constitutes a waiver of any claim of error, we affirm the trial court's decision.

II.

Having determined that appellant waived part of his appeal, we must be certain that the "alternative holding . . . would legally constitute a freestanding basis in support of the trial court's decision." Johnson, 45 Va. App. at 117, 609 S.E.2d at 60. This Court has previously held that Code §§ 16.1-283(B) and 16.1-382(C)(2) are "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. V. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). Further, when termination of parental rights under

---

[1] Code § 16.1-283(B) provides for termination of residual parental rights of a child in foster care if the court finds by clear and convincing evidence that termination is in the child's best interests, the child was abused or neglected, the abuse presented a serious and substantial threat to her life, and it is not likely that the conditions leading to the abuse or neglect can be substantially eliminated.

one subsection of Code § 16.1-283 is upheld, we need not consider termination under alternative subsections. Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005).

Since either subsection is independently sufficient to support the result in this case, our decision that the termination of appellant's residual parental rights under Code § 16.1-283(B) is affirmed means we need not consider the termination under subsection C. Therefore, the ruling of the trial court is affirmed.

Affirmed.