COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judge Haley and Senior Judge Coleman


NANCY HENNESS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1400-07-3                           PER CURIAM
                                                       JANUARY 8, 2008
ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                          William D. Broadhurst, Judge

                (Melvin L. Hill; Ware & Hill, L.L.P., on brief), for appellant.
                Appellant submitting on brief.

                (William M. Hackworth, City Attorney; Heather P. Ferguson,
                Assistant City Attorney, on brief), for appellee.  Appellee
                submitting on brief.

                (Holly S. Peters, on brief), Guardian *ad litem* for the infant child.
                Guardian *ad litem* submitting on brief.


        Nancy Henness (Henness) appeals the termination of her parental rights to her child

pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).  Henness argues that the evidence was

insufficient to support the trial court's decision under Code § 16.1-283(B), but does not address

the trial court's decision under Code § 16.1-283(C)(2).  We affirm the trial court's decision.

        On appeal, the judgment of the trial court is presumed to be correct.  See Johnson v.

Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991).  When a party fails to

present an argument in her brief, this Court will not consider that assignment of error.

Rule 5A:20(c) and (e).  Furthermore, "in 'situations in which there is one or more alternative

holdings on an issue,' the appellant's 'failure to address one of the holdings results in a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). Appellant failed to challenge the termination of her parental rights under Code § 16.1-283(C)(2) in either the "Questions Presented" or "Argument" section of her brief as required by Rule 5A:20. The rule contains no exception, either for the ends of justice or any other reason, and we decline to create one here.

Having determined that appellant waived part of her appeal, we must be certain that the "alternative holding . . . would legally constitute a freestanding basis in support of the trial court's decision." Johnson, 45 Va. App. at 117, 609 S.E.2d at 60. We have previously held that Code § 16.1-283(B) and 16.1-283(C)(2) are "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). Further, when termination of parental rights under one subsection of Code § 16.1-283 is upheld, we need not consider termination under alternative subsections. Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005). Since we affirm the termination of appellant's residual parental rights under Code § 16.1-283(C)(2), we need not consider the termination under subsection B.

Therefore, the ruling of the trial court is affirmed.

Affirmed.