COURT OF APPEALS OF VIRGINIA

Present:    Judges Kelsey, Petty and Senior Judge Bumgardner

TIFFANY SPEARS

v.       Record No. 0914-09-3

ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 29, 2009

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(Thomas E. Wray, on brief), for appellant. Appellant submitting on
brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson,
Assistant City Attorney; Joseph F. Vannoy, Guardian *ad litem* for
the infant child, on brief), for appellee. Appellee and Guardian *ad
litem* submitting on brief.

Tiffany Spears appeals the termination of her residual parental rights to her child, P.R.,

pursuant to Code § 16.1-283(B), (C)(1), (C)(2), and (E). However, she presents no argument

with respect to any of these subsections except to state that she was "unable to correct the

allegations of neglect presented by the Department of Social Services due to her incarceration."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we affirm the decision of the trial court.

When a party fails to present an argument in her brief, this Court will not consider that

issue. Rule 5A:20(c) and (e). Furthermore, "in 'situations in which there is one or more

alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in

a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)).

Here, even assuming Spears had presented sufficient argument with respect to subsections (B) and (C) of Code § 16.1-283, her conviction for the second-degree murder of P.R.'s brother warranted termination under subsection (E). Code § 16.1-283(E) provides that

> [t]he residual parental rights of a parent or parents of a child who is in the custody of a local board or licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that . . . (ii) the parent has been convicted of an offense under the laws of this Commonwealth or a substantially similar law of any other state, the United States or any foreign jurisdiction that constitutes murder or voluntary manslaughter, or a felony attempt, conspiracy or solicitation to commit any such offense, if the victim of the offense was a child of the parent, a child with whom the parent resided at the time such offense occurred or the other parent of the child . . . .

Because we conclude the evidence supported termination under Code § 16.1-283(E), we need not address whether termination was warranted under subsections (B), (C)(1), or (C)(2). See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005) (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Affirmed.

- 2 -