COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Kelsey, Beales and Senior Judge Clements


CANDACE O'REILLY

                                                            MEMORANDUM OPINION[*]
v.      Record No. 2007-13-1                                      PER CURIAM
                                                                 APRIL 8, 2014
NORFOLK DEPARTMENT OF
 HUMAN SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Mary Jane Hall, Judge

              (Sanita Swift Sherard, on brief), for appellant.

              (Bernard Pishko; Tamele Y. Hobson; Robert McL. Smith, III,
              Guardian *ad litem* for the minor children; Office of the City
              Attorney, on brief), for appellee.


        On September 23, 2013, the trial court terminated the residual parental rights of Candace

O'Reilly (appellant) to her daughter, L.O., pursuant to Code §§ 16.1-283(B), 16.1-283(C)(1), and

16.1-283(C)(2).  The trial court also terminated appellant's residual parental rights to her son, J.O.,

pursuant to Code §§ 16.1-283(B) and 16.1-283(C)(2).  On appeal of these decisions, appellant

challenges the sufficiency of the evidence to support the terminations under Code § 16.1-283(C)(2),

and argues that Norfolk Department of Human Services (NDHS) did not prove by clear and

convincing evidence that termination was in the best interests of the children.

        Upon reviewing the record and briefs of the parties, we affirm the trial court's judgment in

this case because regardless of the disposition of this appeal on the grounds of Code

§ 16.1-283(C)(2), the trial court's decision to terminate appellant's parental rights under Code

§ 16.1-283(B) remains intact as appellant does not argue that the circuit court erred in terminating

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant's rights to L.O. and J.O. under Code § 16.1-283(B). See Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 421-22, 732 S.E.2d 690, 698 (2012) ("It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling."). Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"[C]lear and convincing evidence that the termination [of parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (2003), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights," City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

"[I]n situations in which there is one or more alternative holdings on an issue, the appellant's failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue." Johnson v. Commonwealth, 45 Va. App. 113, 116-17, 609 S.E.2d 58, 60 (2005) (internal quotation marks, citations, and footnote omitted). "[O]therwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" Manchester Oaks Homeowners Ass'n, 284 Va. at 422, 732 S.E.2d at 698 (quoting Johnson, 45 Va. App. at 116-17, 609 S.E.2d at 60).

In this case, appellant contends the evidence was insufficient to support the terminations pursuant to Code § 16.1-283(C)(2) – but she does not challenge the terminations pursuant to Code § 16.1-283(B). Appellant's failure to challenge the terminations under Code § 16.1-283(B) renders moot her claim regarding the terminations under Code § 16.1-283(C)(2), and, therefore, we do not

reach that question.[1]  See Winslow, 40 Va. App. at 563, 580 S.E.2d at 466; see also Manchester

Oaks Homeowners Ass'n, 284 Va. at 422, 732 S.E.2d at 698 (quoting Johnson, 45 Va. App. at

116-17, 609 S.E.2d at 60).

      Accordingly, for the foregoing reasons, the trial court's ruling is summarily affirmed.  See

Rule 5A:27.

Affirmed.

---

[1] We are unable to consider the merits of appellant's claim in any event.  Pursuant to Rule 5A:8(a), appellant was required to file transcripts of the proceedings within sixty days of the final orders entered on September 23, 2013 for those transcripts to be a part of the record on appeal.  Appellant did not file the complete transcript of the August 19, 2013 evidentiary hearing in the termination proceedings until January 13, 2014, well more than sixty days after entry of the final order, and, therefore, that transcript is not in the record on appeal before us, and so we cannot consider it.  See Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered.").  We find a transcript or written statement of facts pertaining to the August 19, 2013 hearing is indispensable to consideration of the assignment of error on appeal.  See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

      We note that the record transmitted to this Court on appeal contains a document marked as a "rough draft" of "excerpted . . . testimony" from the August 19, 2013 hearing.  The "rough draft" bears a handwritten notation that it was "filed on 9/23/13," but there is no clerk's stamp to indicate that it was indeed filed in the trial court clerk's office.  The "rough draft" cannot be considered a transcript filed in compliance with Rule 5A:8.