COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia

DANIELLE MARIE EMBREY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0778-16-3                JUDGE ROBERT J. HUMPHREYS
                                                        MARCH 28, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Charles L. Ricketts, III, Judge

Dana R. Cormier (Dana R. Cormier, P.L.C., on briefs), for
appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Danielle Marie Embrey ("Embrey") appeals the April 7, 2016 decision of the Circuit

Court of the City of Staunton (the "circuit court") convicting Embrey of one count of

misdemeanor contributing to the delinquency of a minor, in violation of Code § 18.2-371.1.[1]

Embrey's single assignment of error is that the circuit court erred by "finding beyond a

reasonable doubt that Embrey abused or neglected her child by creating a substantial risk of

death, disfigurement, or impairment of bodily or mental functions because Embrey kept the child

in unsanitary conditions." Embrey argues, without evidence to establish the period of time the

child was exposed to the unsanitary conditions, the Commonwealth failed to prove, beyond a

reasonable doubt, that Embrey created a substantial risk of death, disfigurement or impairment of

mental or bodily functions.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Embrey was sentenced to twelve months' incarceration with eleven months suspended,
leaving an active sentence of one month.

Before reaching the merits of this case, we must address the Commonwealth's argument that while Embrey challenges the circuit court's holding that her conduct rendered the child "abused and neglected" pursuant to Code § 18.2-371, she failed to challenge the circuit court's alternative holding that her conduct also rendered her daughter "in need of services" by creating a condition that "result[ed] in a serious threat to the well-being and physical safety of the child." Code § 16.1-228.  In pertinent part, Code § 18.2-371 provides,

> Any person 18 years of age or older, including the parent of any child, who (i) willfully contributes to, encourages, or causes any act, omission, or condition that renders a child delinquent, in need of services, in need of supervision, or abused or neglected as defined in § 16.1-228 . . . is guilty of a Class 1 misdemeanor.

Code § 16.1-228 defines an abused or neglected child, in pertinent part, as a child "[w]hose parent . . . creates a substantial risk of death, disfigurement, or impairment of bodily or mental functions."  The Commonwealth and the concurrence assert that because Embrey did not challenge the circuit court's alternate finding that the child was "in need of services," Embrey is not entitled to relief and her appeal is waived.

An alternative holding is "one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision."  Johnson v. Commonwealth, 45 Va. App. 113, 117, 609 S.E.2d 58, 60 (2005).  Furthermore, "in situations in which there is one or more alternative holdings on an issue," the appellant's "failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue."  Id. at 116, 609 S.E.2d at 60.  We note that our Supreme Court recently highlighted the importance of the appellant's framing of its assignment of error.

> An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal.  Assignments of error are the *core* of the appeal.  With the assignment of error, an appellant should "lay his finger" on the alleged misjudgment of the court below.  Martin P. Burks, Common Law and Statutory Pleading and Practice § 425, at 827

(T. Munford Boyd ed., 4th ed. 1952). A properly aimed assignment of error must "point out" the targeted error and not simply take "a shot into the flock" of issues that cluster around the litigation. Plant Lipford, Inc. v. E.W. Gates & Son Co., 141 Va. 325, 332, 127 S.E. 183, 185 (1925) (citations omitted). "An assignment of errors is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction." Puckett v. Commonwealth, 134 Va. 574, 579, 113 S.E. 853, 854 (1922) (citation omitted). Like a well-crafted pleading, assignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta.

Forest Lakes Cmty. Ass'n v. United Land Corp. of Am., ___ Va. ___, ___, 795 S.E.2d 875, ___ (2017).

In this case, we hold that Embrey is not barred from bringing her case on appeal because the circuit court did not clearly articulate a finding of guilt under an alternative holding. In support of its verdict, the circuit court stated as follows:

Well [Embrey] is charged now under 18.2-371, contributing to the delinquency of a minor which says that any person who willfully contributes to, encourages or causes any act or omission or condition that renders a child delinquent. That's not the case. *In need of services—in need of supervision, that's not the case . . . .* A child in need of services is defined as a child whose behavior, conduct or condition presents or results in a serious threat to the well being and physical safety of the child. The abused and neglected says a parent or other person responsible for the care inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury other than by accidental means. And there is no evidence of any injury, but the statute goes on to say, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions. . . . And you're right, a messy house, even a dirty house might not meet those definitions. But in this case, we've got a toilet with feces in it and there's children's toys [sic] all around the toilet. In addition, there's testimony, there was a litter box – cat box full of feces, feces all over the floor. There were [sic] food ground into the carpet. I think this is specifically what this is talking about. That it is a condition that results in a serious threat to the well being [sic] of the child. You are talking about a four year old child that could get into this kind of situation and *I think it also meets the definition of abuse or neglect*. I think the Commonwealth has

- 3 -

> proved that beyond a reasonable doubt because Ms. Embrey kept
> this child in those conditions and for those reasons, I will find her
> guilty of the charge of contributing to the delinquency of a minor.

What is clear from the circuit court's discussion is that it is listing the elements required pursuant to Code § 18.2-371. As the circuit court is orally reading the list, it is stating which elements do apply and which elements do not apply in this particular case. The circuit court clearly states "*In need of services—in need of supervision, that's not the case*." Later, it explicitly found that the evidence met the definition of abuse or neglect. The Commonwealth bases its argument that the circuit court made an alternative holding on its statement that "in this case, we've got a toilet with feces in it and there's children's toys [sic] all around the toilet. In addition, there's testimony, there was a litter box – cat box full of feces, feces all over the floor. There were [sic] food ground into the carpet. I think this is specifically what this is talking about . . . and I think it *also* meets the definition of abuse or neglect." (Emphasis added.) The Commonwealth and the concurring opinion suggest that, notwithstanding its earlier statement that such was not the case, the use of the word "also" by the circuit court in context amounts to a reference and holding that the evidence was sufficient to conclude that the child was in need of services. We hold that the circuit court's conflicting statements are not of sufficient clarity to put the appellant on any unequivocal notice that it was making an alternative holding.

Embrey's assignment of error stated that the circuit court erred by "finding beyond a reasonable doubt that Ms. Embrey 'abused or neglected' her child by creating a substantial risk of death, disfigurement, or impairment of bodily or mental functions because Ms. Embrey 'kept [the] child' in unsanitary conditions." We conclude that Embrey's assignment of error sufficiently appealed the circuit court's decision.

Embrey challenges the sufficiency of the evidence to sustain her conviction pursuant to Code § 18.2-371 on the grounds that the Commonwealth failed to prove that the child was "abused or neglected" within the meaning of Code §§ 18.2-371 and 16.1-228. "Where the sufficiency of the evidence is challenged after conviction," an appellate court reviews the evidence "in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences fairly deducible therefrom." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009). "Viewing the record through this evidentiary prism requires [the appellate court] to discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Smith v. Commonwealth, 56 Va. App. 711, 714, 697 S.E.2d 14, 15 (2010). The reviewing court "will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it." Singleton, 278 Va. at 548, 685 S.E.2d at 671. The reviewing court will not "substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the [fact finder]." Jordan v. Commonwealth, 286 Va. 153, 156-57, 747 S.E.2d 799, 800 (2013).

Embrey argues that the Commonwealth did not establish how long Embrey kept the child in the unsanitary conditions. However, Embrey failed to provide any statute or case law that requires the Commonwealth to prove, as an element of an offense pursuant to Code § 18.2-371, that a child was exposed to a potential hazard for any particular period of time or repeated occasions. And, we will not extend such a requirement. Rather, we hold that intentionally exposing a child to any condition that poses a substantial risk to the child's health or safety constitutes a violation of the statute, regardless of how long or how many times the child was exposed to that condition.

Next, Embrey argues that there is no evidence in the record that the child suffered from any actual neglect—no evidence that she was poorly cared for, no evidence that she was abused, no evidence that her health was poor, no evidence that she suffered malnutrition. Rather, Embrey argues that the Commonwealth established, at best, that the child may have been present in an unsanitary apartment for intermittent periods of time. We disagree with Embrey.

The record definitively established that the child had been at the Staunton Mini Storage residence for around four hours before the police arrived on August 6, 2015. Moreover, the child was there long enough for her feet to be "very dirty" and she was running around barefoot in a place with any number of potential dangers to her health and safety, including: food and other "black stuff" on the floor and "dug into" the carpeting; trash and dirty clothes strewn about the residence; dirty dishes surrounded by gnats piled up in the kitchen and in the bathroom; toilets that did not appear to be working, including one with human feces still in it; cat feces all over the floor; and pills, syringes, and needles near the bed in the only bedroom. We conclude that the evidence was sufficient to convict Embrey of one count of misdemeanor contributing to the delinquency of a minor, in violation of Code § 18.2-371.1, because the conditions presented a substantial risk of death, disfigurement, or impairment of bodily or mental function to the child.

Affirmed.

Petty, J., concurring.

I agree with the conclusion of the majority affirming the conviction in this appeal. I do so, however, for reasons unrelated to the merit analysis my colleagues have set out. To me, this case should be decided on a much narrower but firmly established principle of law; where a trial judge has announced two independent holdings, each of which is sufficient to support the conviction, and the appellant only assigns error to one of those holdings, we must affirm. Accordingly, while I concur in the judgment, I do not join the opinion.

Embrey was tried on a single charge of contributing to the delinquency of a minor. Embrey moved to strike on the grounds that the evidence was insufficient to prove when the child arrived at the premises or how long the child was present. Embrey renewed this motion at the conclusion of the evidence. The trial judge denied both motions.

As relevant here, Code § 18.2-371 states, "Any person 18 years of age or older, including the parent of any child, who (i) willfully contributes to, encourages, or causes any act, omission, or condition that renders a child . . . in need of services . . . *or* abused or neglected as defined in § 16.1-228 . . ." is guilty of a Class 1 misdemeanor. (Emphasis added). The trial court recognized these two alternative elements of the offense when it noted that Code § 18.2-371 allows for conviction if the individual willfully renders a child in need of services *or* abused or neglected. Code § 16.1-228 defines a child in need of services as "a child whose behavior, conduct or condition presents or results in a serious threat to the well-being and physical safety of the child." After defining both a child in need of services and an abused or neglected child, the trial court found that the evidence was sufficient to convict under both, stating:

> *That it is a condition that uh, that results in a – a serious threat to the well being of the child.* You are talking about a four year old

child that could get into this kind of situation *and I think it also*[2] *meets the definition of abuse or neglect.*

(Emphasis added).

On appeal, Embrey challenges only the trial court's holding that the situation "also meets the definition of abuse or neglect." Her assignment of error states, in pertinent part, "[t]he Trial Court erred by finding, beyond a reasonable doubt, that Ms. Embrey '*abused or neglected*' her child by creating a substantial risk of death, disfigurement, or impairment of bodily or mental functions because Ms. Embrey 'kept [the] child' in unsanitary conditions."[3] (Second alteration in original) (emphasis added). Significantly, neither her assignment of error nor her argument challenges the trial court's alternative holding that the child was also a child in need of services because the conditions resulted in "a serious threat to the well-being of the child."

Where there is one or more alternative holding on an issue, the appellant's "failure to address one of the holdings results in a waiver of any claim of error with respect to the court's

---

[2] The majority ignores the significance of the use of the word "also." Also means "in addition, as well." Webster's Third New International Dictionary 62 (1981).

[3] We highlight the specific reference in the assignment of error to the trial court's abuse and neglect finding because

> [a]ssignments of error are the *core* of the appeal. With the assignment of error, an appellant should "lay his finger" on the alleged misjudgment of the court below. A properly aimed assignment of error must "point out" the targeted error and not simply take "a shot into the flock" of issues that cluster around the litigation. . . . Like a well-crafted pleading, assignments of error set analytical boundaries for the arguments on appeal, provide a contextual backdrop for our ultimate ruling, and demark the stare decisis border between holdings and dicta.

Forest Lakes Cmty. Ass'n v. United Land Corp. of Am., __ Va. __, __, 795 S.E.2d 875, __ (2017) (internal citations omitted).

Here, Embrey's assignment of error is limited to the issue of abuse and neglect because it directly quotes the language from the statutory definition of an abused or neglected child. See Code § 16.1-228 (An "'[a]bused or neglected child' means any child whose parents or other person responsible for his care creates . . . a substantial risk of death, disfigurement or impairment of bodily or mental functions . . . .").

- 8 -

decision on that issue." Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). If the alternative holding was not appealed and provides an independent and sufficient basis to support the conviction, the court need not decide the issue appealed. Commonwealth v. Lambert, 292 Va. 748, 758-59, 793 S.E.2d 805, 810 (2016). The only thing to determine is if the alternative holding is one that "would legally constitute a freestanding basis in support of the trial court's decision." Johnson, 45 Va. App. at 117, 609 S.E.2d at 60. "But, in making that decision, we do not examine the underlying merits of the alternative holding – for that is the very thing being waived by the appellant as a result of h[er] failure to raise the point on appeal." Id.

In this case, the trial court's alternative holding that Embrey's actions caused the child to be a child in need of services constitutes a freestanding basis in support of the trial court's decision. Code § 18.2-371 provides that any person who "willfully contributes to, encourages, or causes any act, omission, or condition that renders a child . . . in need of services . . . *or* abused or neglected . . . is guilty of a Class 1 misdemeanor." (Emphasis added). The "or" is disjunctive, meaning either element is sufficient to provide a basis for conviction. DeAmicis v. Commonwealth, 31 Va. App. 437, 444-45, 524 S.E.2d 151, 154 (2000) (not addressing the child in need of services issue because the evidence was sufficient to support a conviction based on abuse and neglect).

A child in need of services is defined as "a child whose behavior, conduct or condition presents or results in a serious threat to the well-being and physical safety of the child." Code § 16.1-228. The trial court specifically and clearly stated, "I think this is specifically what this is talking about. That it is a condition that results in *a serious threat to the well being of the*

*child*."[4]  Consequently, the trial court's ruling that the evidence demonstrated a "serious threat to the well being of the child" was an alternative holding that Embrey rendered the child a child in need of services.  Because a conviction for contributing to the delinquency of a minor can be based solely on rendering a child in need of services, this alternative holding was an adequate and independent legal basis for Embrey's conviction.  Because the alternative holding was not appealed, it is waived and we are not required to examine the underlying merits of the claim.[5]  Accordingly, I would affirm the judgment of the trial court.

---

[4] The majority focuses on the trial court's statement that, any person is guilty who "causes any act or omission or condition that renders a child delinquent.  That's not the case.  *In need of services—in need of supervision, that's not the case . . . .*"  However, I would interpret the second "that's not the case" as applying only to the "in need of supervision" part of the sentence because the trial court immediately went on to define and discuss both child in need of services and abused or neglected child.

[5] At oral argument and in a letter providing supplemental authority, Embrey presents the argument that "the Assignment of Error in the Petition for Appeal and the Opening Brief is adequate and consistent with Rule 5A:12(c)(1)."  This argument, however, misses the point.  The assignment of error is unquestionably sufficient to challenge the trial court's finding that the evidence was sufficient to support a finding that the child was abused or neglected.  What is missing, however, is a second assignment of error challenging the trial court's alternative finding that the child was in need of services.  When Embrey specifically chose to limit her assignment of error to the sufficiency of the evidence supporting the abuse or neglect finding she waived any challenge to the alternative child in need of services finding.  Johnson, 45 Va. App. at 117, 609 S.E.2d at 60.