COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Athey and Friedman

TRAVIS WILTON RADFORD

MEMORANDUM OPINION* BY
v.       Record No. 0743-21-3       JUDGE FRANK K. FRIEDMAN
MARCH 1, 2022

BEDFORD COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Christopher S. Rowland; CSR Legal Firm, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Brandon K. Butler, Senior Assistant County Attorney; Brandon S.
Baker, Guardian *ad litem* for the minor child, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


Travis Wilton Radford ("father") appeals an order terminating his parental rights to his child

and approving the foster care goal of adoption. We affirm the decision of the circuit court.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the

evidence in the light most favorable to the party prevailing in the circuit court." *Yafi v. Stafford*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record in this case is sealed. Nevertheless, this appeal necessitates unsealing limited portions of the record, including factual findings, to resolve the issues appellant has raised. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

*Dep't of Soc. Servs.*, 69 Va. App. 539, 550-51 (2018) (quoting *Thach v. Arlington Cnty. Dep't of Hum. Servs.*, 63 Va. App. 157, 168 (2014)).[2]

On November 7, 2019, the child entered foster care after the Bedford County Department of Social Services ("the Department") received and confirmed multiple concerns regarding father's mental health, substance abuse issues, and lack of necessary resources for the child. Father was given several goals by the Department in order to repair the situation. Father did not cooperate with the Department in reaching those goals. Following an incident with father during the first and only visitation session with his child, the Department prohibited further visitation until father underwent a mental health evaluation. Father refused the mental health evaluation when it was offered through the Department. Father also declined to participate in a substance abuse intake through the Department. Father did undergo a psychological evaluation with a parenting component. The resulting opinion was that father needed to participate in outpatient therapy—this conclusion was not satisfactory to father, and he did not follow through. As of June 24, 2020, father was not able to secure housing for himself; as of July 27, 2020, his whereabouts were not confirmed and the Department was having difficulty getting in contact with him.

The child was well taken care of in foster care. At the time of the Department's reports, the five-year-old child displayed global developmental delays, among other suspected diagnoses, and was non-verbal other than saying "ok." The Department created treatment goals for the child which were being met by the foster parents. Foster mother intended to adopt the child.

---

[2] The record does not include a transcript from the circuit court hearing or a written statement of facts in lieu of a transcript. Rule 5A:8 ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."). However, the record contains sufficient evidence to allow this Court to consider and affirm the circuit court's ruling.

Considering the child's special needs and father's failure to participate in offered services, the Department petitioned for termination of parental rights. On September 2, 2020, the Bedford County Juvenile and Domestic Relations District Court (the JDR court) terminated father's parental rights and approved the foster care goal of adoption. Father appealed the JDR court's rulings to the circuit court.

After hearing the evidence and arguments, the circuit court entered orders on June 22, 2021 approving the foster care goal of adoption and finding it was in the child's best interests to terminate father's parental rights on three grounds—Code § 16.1-283(B), (C)(1) and (C)(2). Father timely filed his notice of appeal.

ANALYSIS

Father argues that the circuit court erred in terminating his parental rights and approving the foster care goal of adoption. "On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 558 (2018) (quoting *Logan v. Fairfax Cnty. Dep't of Hum. Dev.*, 13 Va. App. 123, 128 (1991)). Where the circuit court heard the evidence "*ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway*, 59 Va. App. 185, 190 (2011) (quoting *Martin v. Pittsylvania Cnty. Dep't of Soc. Servs.*, 3 Va. App. 15, 20 (1986)).

The circuit court terminated father's parental rights under Code § 16.1-283(B), (C)(1) and (C)(2). Each of these subsections provides an independent ground for terminating parental rights, though they each require that the child is in foster care, that the reasons for termination be proved by clear and convincing evidence, and that the decision to terminate be in the best interests of the child.

Code § 16.1-283(B) allows the court to terminate residual parental rights where the "neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development" and "[i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time."

Code § 16.1-283(C)(1) allows termination where:

> The parent or parents have, without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent or parents and to strengthen the parent-child relationship.

Code § 16.1-283(C)(2) provides for termination where the "parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed 12 months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement."

Father argues on appeal that termination under Code § 16.1-283(C)(1) was not appropriate because the Department, itself, prevented him from seeing his child for six months, which led the circuit court to find his parental rights should be terminated based on a lack of contact.[3]  Father also challenges the termination under Code § 16.1-283(C)(2) without identifying any specific issues with the finding under that statute.  However, he does not cite or mention Code § 16.1-283(B), let alone challenge the termination of his parental rights on those grounds.

Father's failure to challenge the circuit court's termination decision under Code § 16.1-283(B) renders moot his claims regarding the terminations under Code § 16.1-283(C)(1) and (C)(2).  Even if this Court were to agree with father regarding the sufficiency of the evidence to

---

[3] We assume without deciding that father properly preserved this argument for appeal.

support the termination under Code § 16.1-283(C)(1) or (C)(2), his parental rights would remain terminated because of the circuit court's unchallenged decision to terminate pursuant to Code § 16.1-283(B). *Fields v. Dinwiddie Cnty. Dep't of Soc. Servs.*, 46 Va. App. 1, 7-8 (2005) (finding that because the appellant had not challenged the court's decision to terminate her parental rights under Code § 16.1-283(E)(i), the Court did not need to address her sufficiency argument regarding termination under Code § 16.1-283(C)(2)). "[I]n 'situations in which there [are] one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" *Johnson v. Commonwealth*, 45 Va. App. 113, 116 (2005) (quoting *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001)); *see Ferguson v. Stokes*, 287 Va. 446, 452-53 (2014) (finding that a party must assign error to each articulated basis for a ruling, and the appellant could not prevail where he had not challenged one of three grounds for the decision); *Magco of Md. v. Barr*, 262 Va. 1, 1 (2001) (deciding that where there is an independent basis for the judgment that is not challenged on appeal, the Court cannot reach the merits of those errors assigned by the appellant).

"That said, we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision." *Johnson*, 45 Va. App. at 117. "But, in making that decision, we do not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal." *Id.*; *see Ferguson*, 287 Va. at 452-53 (2014) (declining to review the "correctness" of the circuit court's ruling on separate and independent grounds).

Terminations under Code § 16.1-283(B) and (C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." *See City of Newport News Dep't of Soc. Servs. v. Winslow*, 40 Va. App. 556, 563 (2003) ("[I]t is clear that Code § 16.1-283(B) and

(C)(2) set forth individual bases upon which a petitioner may seek to terminate residual parental rights.").

The record supports the circuit court's finding that termination of father's parental rights under Code § 16.1-283(B) was in the child's best interest.  This ground relies on issues including, but not limited to, father's inability to comply with guidelines from the Department, failure to establish housing, and failure to demonstrate the ability to meet the special needs of the child. We are satisfied that Code § 16.1-283(B), properly applied to the facts, legally constitutes a freestanding, separate, and independent basis in support of the circuit court's decision to terminate parental rights and approve the goal of adoption.  It has not been challenged on appeal. Therefore, we will not reverse the decision below.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*