COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Lorish

JUSTIN PAUL CHEVALIER

v.     Record No. 0784-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 23, 2022

UPON A REHEARING

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

(Sara M. Spartz, Assistant Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Justin Paul Chevalier appeals from the decision of the Circuit Court of the City of

Chesapeake revoking a portion of his previously suspended sentence. Chevalier contends that the

trial court abused its discretion when it imposed fourteen days of his previously suspended sentence

because the trial court "erred in concluding that [he] had violated the terms of his probation by

absconding." After examining the briefs and record in this case, the panel unanimously holds that

oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

In 2012, Chevalier was indicted for malicious wounding. He pleaded guilty to unlawful

wounding under the terms of a written plea agreement that obligated him to pay restitution. The

trial court convicted Chevalier of unlawful wounding, sentenced him to five years of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incarceration, and ordered him to pay $42,438.63 in restitution.[1]  The trial court suspended four years of the sentence, conditioned upon ten years of good behavior and three years of supervised probation "or until restitution is paid in full, whichever is longer."  In 2018, the trial court revoked Chevalier's previously suspended sentence and resuspended two years and six months, conditioned upon "the same conditions as contained in the previous sentencing order."  In addition, the trial court ordered that Chevalier "have face to face meetings with Probation Officer a minimum of once per month" for the first twelve months of his supervised probation.

Chevalier returned to supervised probation in January 2020.  In April 2021, Chevalier's probation officer reported that Chevalier had missed several scheduled office visits and failed to report for urinalysis on multiple occasions.  Chevalier had last made a restitution payment in July 2020.  Chevalier had reported "an unreliable address" and had not been in contact with the probation officer since September 29, 2020.  The probation officer did not know of Chevalier's whereabouts.  The report alleged a "Condition 06" violation for failing to follow the probation officer's instructions and report as instructed, as well as a "Condition 11" violation for absconding. The trial court issued a capias, which was served on Chevalier on June 5, 2021.

At the revocation hearing, Chevalier's probation officer, Jasmine Thompson, testified that despite the trial court's order that Chevalier attend "face-to-face meetings" with her, Chevalier had failed to report to three scheduled office visits.  In addition, the trial court had ordered Chevalier to "submit to urine screens a minimum of twice per month," but Chevalier failed to attend six scheduled urine screens.  Chevalier also changed his residence without first obtaining Thompson's permission.[2]  Chevalier provided Thompson with his new address approximately a week after his

---

[1] The trial court originally ordered Chevalier to pay $400 per month toward his restitution, but subsequently reduced the monthly payment to $200 per month.

[2] Although moving without prior permission was also a violation of Chevalier's conditions of probation, it was not an asserted basis for the revocation proceedings.

reported move; but thereafter he failed to make "himself available for supervision and his whereabouts [were] unknown." Thompson called Chevalier and Chevalier's parents to reestablish contact with Chevalier, without success. Thompson then mailed a letter to the new address Chevalier had reported, but the letter was returned "as undeliverable, return to sender, unable to forward, temporarily unavailable." Finally, Thompson checked "central records" and hospitals and noted that Chevalier was not "in custody or hospitalized."

At the conclusion of the evidence, the Commonwealth asked the trial court to find Chevalier in violation of both Condition 6 and Condition 11 of the terms of his probation. The Commonwealth emphasized that Thompson "did everything that she was required to do" to attempt to locate Chevalier. Chevalier asked the trial court to "dismiss[] the [C]ondition 11 charge" and argued that the Commonwealth had failed to prove that he absconded from supervision because there "was nothing to indicate that" he did not reside at the address he had provided to Thompson. Chevalier emphasized that Thompson did not visit his residence and only mailed "a single letter" that was returned "undeliverable" without explanation. Chevalier "submit[ted] the [C]ondition 6" violation to the court.

After hearing the evidence and arguments, the trial court found that Chevalier had failed to report to his probation officer. With respect to the Condition 11 absconding violation, the trial court found that Chevalier failed to report "on certain dates" and failed to contact his probation officer to reschedule his missed appointments. The trial court noted the efforts that Thompson employed to locate Chevalier and found Chevalier in violation of Condition 11 of his probation. The trial court revoked Chevalier's previously suspended sentence and resuspended all but fourteen days of incarceration. Chevalier now appeals to this Court.

ANALYSIS

Chevalier argues in his assignment of error that "[t]he trial court erred in concluding that the Defendant had violated the terms of his probation by absconding." He contends that the trial court abused its discretion when it found that he had absconded from supervision and revoked his previously suspended sentence, imposing an active sentence of fourteen days of incarceration. He does not, however, challenge the trial court's finding that he was guilty of the Condition 6 violation for failing to report as directed.[3]

On appeal, "[w]e 'view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it.'" *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (second alteration in original) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

Here, the record shows that the trial court did not abuse its discretion in finding Chevalier in violation of Condition 11 of his probation. Condition 11 required Chevalier not to abscond from supervised probation. The major violation report filed by Thompson on April 26, 2021 stated, "Chevalier has not made himself available for supervision and his whereabouts are [unknown]"—clearly in violation of Condition 11 requiring him not to abscond from supervision. At Chevalier's revocation hearing, Thompson testified that she did not hear from Chevalier once between September 29, 2020 and the July 22, 2021 revocation hearing. She

---

[3] In his opening brief to this Court, Chevalier asks this Court to reverse and "dismiss the finding of absconding, and only find that the Defendant violated the terms of his probation by not reporting." Chevalier also did not really contest his Condition 6 violation in the trial court and stated at the end of his argument there that he was simply submitting that question to the trial court. As a result, Chevalier's Condition 6 violation is a matter not currently before this Court.

- 4 -

explained that she attempted to reach Chevalier by phone after he failed to report to a scheduled appointment, and she also testified that, in an effort to contact Chevalier, she sent a letter to his home address, but the letter was returned as "undeliverable, return to sender, unable to forward, temporarily unavailable." In addition, Thompson checked into whether Chevalier might be "in custody or hospitalized" by checking with "central records at Virginia Beach City Jail and with Sentara General Hospital." Additionally, Thompson still could not make any contact with Chevalier even after contacting Chevalier's mother and father.

In short, Chevalier failed to make any contact whatsoever with his probation officer for almost ten months. He also could not be reached by phone, and he could not be located at his home address—leaving his whereabouts entirely unknown to Thompson and the probation office. Consequently, we certainly cannot say that the trial court abused its discretion in finding that Chevalier had violated Condition 11 of his probation by absconding from supervision.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Wednesday** *the* **3rd** *day of* **August, 2022**.

Justin Paul Chevalier, Appellant,

against          Record No. 0784-21-1
                       Circuit Court No. CR12-1197-02

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing

Before Judges Beales, Ortiz and Lorish

On July 22, 2022 came appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on July 12, 2022, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the opinion rendered on July 12, 2022 is withdrawn, the mandate entered on that date is vacated, and this appeal will be reconsidered by the panel of judges that originally considered the matter.

A Copy,

Teste:

A. John Vollino, Clerk

By:    *original order signed by a deputy clerk of the*
        *Court of Appeals of Virginia at the direction*
        *of the Court*

Deputy Clerk

UNPUBLISHED

Present:   Judges Beales, Ortiz and Lorish

JUSTIN PAUL CHEVALIER

v.        Record No. 0784-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 12, 2022

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Stephen J. Telfeyan, Judge

(Sara M. Spartz, Assistant Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Justin Paul Chevalier appeals from the decision of the Circuit Court of the City of

Chesapeake revoking a portion of his previously suspended sentence.  Chevalier contends that the

trial court abused its discretion when it revoked his previously suspended sentence because the trial

court "erred in concluding that [he] had violated the terms of his probation by absconding."

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the decision of the trial court.

BACKGROUND

In 2012, Chevalier was indicted for malicious wounding.  He pleaded guilty to unlawful

wounding under the terms of a written plea agreement that obligated him to pay restitution.  The

trial court convicted Chevalier of unlawful wounding, sentenced him to five years of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incarceration, and ordered him to pay $42,438.23 in restitution.[1]  The trial court suspended four years of the sentence, conditioned upon ten years of good behavior and three years of supervised probation "or until restitution is paid in full, whichever is longer."  In 2018, the trial court revoked Chevalier's previously suspended sentence and resuspended two years and six months, conditioned upon "the same conditions as contained in the previous sentencing order."  In addition, the trial court ordered that Chevalier "have face to face meetings with Probation Officer a minimum of once per month" for the first twelve months of his supervised probation.

Chevalier returned to supervised probation in January 2020.  In April 2021, Chevalier's probation officer reported that Chevalier had missed several scheduled office visits and failed to report for urinalysis on multiple occasions.  Chevalier had last made a restitution payment in July 2020.  Chevalier had reported "an unreliable address" and had not been in contact with the probation officer since September 29, 2020.  The probation officer did not know of Chevalier's whereabouts.  The report alleged a "Condition 06" violation for failing to follow the probation officer's instructions and report as instructed, as well as a "Condition 11" violation for absconding. The trial court issued a capias, which was served on Chevalier on June 5, 2021.

At the revocation hearing, Chevalier's probation officer, Jasmine Thompson, testified that despite the trial court's order that Chevalier attend "face-to-face meetings" with her, Chevalier had failed to report to three scheduled office visits.  In addition, the trial court had ordered Chevalier to "submit to urine screens a minimum of twice per month," but Chevalier failed to attend six scheduled urine screens.  Chevalier also changed his residence without first obtaining Thompson's permission.[2]  Chevalier provided Thompson with his new address approximately a week after his

---

[1] The trial court originally ordered Chevalier to pay $400 per month toward his restitution, but subsequently reduced the monthly payment to $200 per month.

[2] Although moving without prior permission was also a violation of Chevalier's conditions of probation, it was not an asserted basis for the revocation proceedings.

reported move; but thereafter he failed to make "himself available for supervision and his whereabouts [were] unknown." Thompson called Chevalier and Chevalier's parents to reestablish contact with Chevalier, without success. Thompson then mailed a letter to the new address Chevalier had reported, but the letter was returned "as undeliverable, return to sender, unable to forward, temporarily unavailable." Finally, Thompson checked "central records" and hospitals and noted that Chevalier was not "in custody or hospitalized."

At the conclusion of the evidence, the Commonwealth asked the trial court to find Chevalier in violation of both Condition 6 and Condition 11 of the terms of his probation. The Commonwealth emphasized that Thompson "did everything that she was required to do" to attempt to locate Chevalier. Chevalier asked the trial court to "dismiss[ ] the [C]ondition 11 charge" and argued that the Commonwealth had failed to prove that he absconded from supervision because there "was nothing to indicate that" he did not reside at the address he had provided to Thompson. Chevalier emphasized that Thompson did not visit his residence and only mailed "a single letter" that was returned "undeliverable" without explanation. Chevalier "submit[ted] the [C]ondition 6" violation to the court.

After hearing the evidence and arguments, the trial court found that Chevalier had failed to report to his probation officer. With respect to the Condition 11 absconding violation, the trial court found that Chevalier failed to report "on certain dates" and failed to contact his probation officer to reschedule his missed appointments. The trial court noted the efforts that Thompson employed to locate Chevalier and found Chevalier in violation of Condition 11 of his probation. The trial court revoked Chevalier's previously suspended sentence and resuspended all but fourteen days of incarceration. Chevalier now appeals to this Court.

ANALYSIS

Chevalier argues in his assignment of error that "[t]he trial court erred in concluding that the Defendant had violated the terms of his probation by absconding." He contends that the trial court abused its discretion when it found that he had absconded from supervision and revoked his previously suspended sentence, imposing an active sentence of fourteen days of incarceration. He does not, however, challenge the trial court's finding that he was guilty of the Condition 6 violation for failing to report as directed.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." *Ferguson v. Stokes*, 287 Va. 446, 452 (2014) (quoting *Manchester Oaks Homeowner's Ass'n v. Batt*, 284 Va. 409, 421 (2012)). Thus, "in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" *Johnson v. Commonwealth*, 45 Va. App. 113, 116 (2005) (quoting *United States v Hatchett*, 245 F. 3d 625, 644-45 (7th Cir. 2001)).

Of course, "we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision." *Id.* at 117. "But, in making that decision, we do not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal." *Id.* If the trial court was correct on its alternative holding, it does not matter for appellate purposes that the trial court was wrong on the point appellant challenges. *Albritton v. Commonwealth*, 299 Va. 392, 402-03 (2021).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the

period of suspension fixed by the court." Code § 19.2-306(A). A probationer's failure to report to his probation officer and to abide by the probation officer's instructions provides "an adequate and independent legal basis" for revoking the probationer's previously suspended sentence. *Johnson,* 45 Va. App. at 117; *see also* Code § 19.2-306. Accordingly, the record demonstrates that there is "a separate and independent basis to affirm the circuit court's ruling and we will not reverse it." *Ferguson,* 287 Va. at 453.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*