UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Russell and Senior Judge Frank


VALERIE MICHELLE GREEN

MEMORANDUM OPINION*

v.      Record No. 1525-17-2

PER CURIAM
SEPTEMBER 18, 2018

HALIFAX COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

(Brendan U. Dunning, on brief), for appellant.

(Matthew W. Evans; Melissa E. Fraser, Guardian *ad litem* for the
minor child; Gravitt Law Group, P.L.C., on brief), for appellee.


Valerie Michelle Green (mother) appeals an order terminating her parental rights to her

child, R.L.  Mother argues that the circuit court erred in terminating her parental rights because she

"had made significant efforts to remedy the issues leading to removal."  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the circuit court.  See Rule 5A:27.

BACKGROUND

"On appeal, 'we view the evidence and all reasonable inferences in the light most

favorable to the prevailing party below, in this case the Department.'"  Farrell v. Warren Cty.

Dep't of Soc. Servs., 59 Va. App. 375, 386, 719 S.E.2d 329, 334 (2012) (quoting Jenkins v.

Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180, 409 S.E.2d 16, 18 (1991)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 20, 2015, the Bedford County Juvenile and Domestic Relations District Court (the Bedford JDR court) held that mother's older, eight-year-old child, M.J., was a child in need of services because the child had attended six schools in one year and the family did not have stable housing.[1] The Bedford JDR court found that mother had a "[l]ong history of DSS involvement" and a history of drug abuse. Mother did not appear at M.J.'s CHINS hearing in the Bedford JDR court. The Bedford JDR court transferred custody of M.J. to the Bedford County Department of Social Services and adjudicated M.J. as an abused or neglected child. Mother did not meet with the social worker assigned to M.J.'s case until November 2015, and mother was unable to complete the necessary services for M.J. to return home. On March 15, 2016, the Bedford JDR court terminated mother's parental rights to M.J. Mother appealed the termination to the Bedford County Circuit Court, which entered an order terminating mother's parental rights to M.J. on July 8, 2016.

In August 2015, mother gave birth to R.L., the child who is the subject of this appeal. Mother, who was addicted to opioids, admitted to using fentanyl she had purchased on the street and heroin while she was pregnant with R.L. As a result, R.L. was born substance-exposed. After being released from the hospital, R.L. was placed in a foster care home, and the Person County Department of Social Services, in North Carolina, was awarded temporary custody of R.L.[2]

In January 2016, R.L.'s case was transferred to Halifax County, Virginia, and the Halifax County Department of Social Services (the Department) was granted custody of R.L. In addition

---

[1] Mother has three older children. Her two oldest sons have lived with their father since 2012 or 2013. Her oldest daughter lived with her father and her paternal grandmother after the Department became involved with mother, M.J., and R.L.

[2] R.L. was born in North Carolina.

to mother's substance abuse issues, the Department also had concerns regarding appropriate housing for R.L. and the general lack of stability given the circumstances.

Upon receiving the case, the Department could not locate R.L.'s father, Brian Lowery. In August 2016, mother and Lowery resumed their relationship and started living together. Although mother and Lowery were living in "an appropriate home," the Department remained concerned about the stability of the situation.

While R.L. was in the care of foster parents, mother was afforded multiple visitation opportunities. According to the evidence, she attended the visitation appointments "pretty regularly," but missed appointments on occasion. When the foster parents took R.L. to mother's home for a visit, the foster mother noted that "nothing was baby proofed" at the home and that mother "tried to play with [R.L.] a little bit but then it was like she lost interest in that . . . ."

In addition to arranging these visits, the Department required mother to obtain substance abuse treatment. Although she did not fail any of the drug screens administered by the Department, mother failed to complete successfully multiple substance abuse treatment programs that she attempted.

Mother also was inconsistent with her counseling appointments. The Department requested that mother participate in a psychological evaluation, which she did in October 2016. Dr. Michele K. Nelson diagnosed mother with borderline personality disorder and opiate use disorder, in remission. Dr. Nelson opined that mother likely will have "long-term instability," and her diagnosis of borderline personality disorder "may complicate her ability to make good parenting choices, especially regarding relationships and choices in her own life." Dr. Nelson recommended Dialectical Behavior Therapy (DBT) for mother. Mother located a DBT therapist and started attending sessions in November 2016. Mother did not attend any sessions in

December 2016. Mother reported that she attended some additional DBT sessions after December 2016.[3]

In January 2017, the Department filed a petition to terminate mother's parental rights to R.L. On May 5, 2017, the Halifax County Juvenile and Domestic Relations District Court (the Halifax JDR court) terminated mother's parental rights to R.L., and she appealed to the circuit court.[4]

On July 31, 2017, the parties appeared before the circuit court. In addition to the facts referenced above, the Department presented evidence that R.L. was healthy and doing well in foster care, where he has had the same foster parents since he was four months old. The foster mother testified that she and her husband would be interested in adopting R.L. At the conclusion of the Department's evidence, mother made a motion to strike, which the circuit court denied.

Mother testified and admitted that she had a drug problem. She detailed her efforts to address that problem and offered her explanations for the various issues raised by the Department.

At the conclusion of all of the evidence, mother renewed her motion to strike, which the circuit court denied. After hearing the parties' arguments, the circuit court terminated mother's

---

[3] The visitation, drug treatment, and counseling issues were material to the Department's decision to initiate the termination proceeding and to the trial court's decision to terminate mother's parental rights pursuant to Code § 16.1-283(B) and Code § 16.1-283(C)(2). Because we do not reach the question of whether the trial court erred in terminating mother's parental rights under these code sections, we do not detail all of the specifics regarding the evidence below on these issues. Rather, we have provided a brief summary to provide context for the Department's action in seeking termination under these code sections and for the trial court's determination that termination was in R.L.'s best interest.

[4] On May 5, 2017, the Halifax JDR court also terminated Lowery's parental rights to R.L., and he appealed to the circuit court.

parental rights pursuant to Code § 16.1-283(B), (C)(2), and (E)(i).[5] On September 7, 2017, the circuit court entered an order reflecting its rulings. This appeal followed.

ANALYSIS

Upon our review of a trial court's termination of parental rights, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558, 811 S.E.2d 835, 840-41 (2018) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190, 717 S.E.2d 811, 814 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)).

Mother argues that the circuit court erred in terminating her parental rights to R.L. She contends that the evidence was insufficient to support termination pursuant to Code § 16.1-283(B) or Code § 16.1-283(C)(2); however, she does not challenge the sufficiency of the evidence to support termination pursuant to Code § 16.1-283(E)(i). Mother's failure to challenge the circuit court's termination decision under Code § 16.1-283(E)(i) renders moot her claims regarding termination pursuant to Code § 16.1-283(B) and Code § 16.1-283(C)(2), because, even if we were to agree with mother regarding the sufficiency of the evidence to support termination pursuant to Code § 16.1-283(B) and Code § 16.1-283(C)(2), her parental rights would remain

---

[5] The circuit court also terminated Lowery's parental rights to R.L. He timely noted an appeal to this Court. See Lowery v. Halifax Cty. Dep't of Soc. Servs., Record No. 1540-17-2.

terminated as a result of the trial court's unchallenged decision to terminate mother's parental rights pursuant to Code § 16.1-283(E)(i).[6]

Terminations under Code § 16.1-283(B), (C), and (E) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003). "[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). Because the circuit court terminated mother's parental rights based upon Code § 16.1-283(E)(i), this alternate holding makes it unnecessary for the Court to examine mother's arguments regarding termination under Code § 16.1-283(B) and Code § 16.1-283(C)(2). See Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[6] The Department presented evidence that mother's parental rights to M.J. were terminated involuntarily on July 8, 2016. Code § 16.1-283(E)(i) provides that a parent's parental rights may be terminated "if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . ." In issuing its ruling, the circuit court acknowledged mother's "prior involuntary termination of parental rights involving another child . . . ." Furthermore, the circuit court found that the termination of mother's parental rights was in R.L.'s best interests.