IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 12, 2023 Session

## TRACEY SMITH, ET AL. v. OAKWOOD SUBDIVISION HOMEOWNERS ASSOCIATION, INC.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002982-18, CT-002983-18, CT-003139-18     Rhynette N. Hurd, Judge**

———————————————————

**No. W2022-00845-COA-R3-CV**

———————————————————

This appeal involves premises liability and negligence claims asserted against a homeowner's association after a shooting outside its community clubhouse while it was rented for a birthday party. The trial court granted summary judgment to the homeowner's association, dismissing all claims, on two grounds. First, the trial court found that there was no foreseeability, and therefore, there was no duty. Second, the trial court concluded that there was no nexus, or proximate cause, between the allegedly negligent acts or omissions of the homeowner's association and the harm that occurred. The plaintiffs filed a motion to reconsider or clarify the ruling, which the trial court denied. For the following reasons, we affirm the decision of the circuit court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and ARNOLD B. GOLDIN, JJ., joined.

Christopher S. Campbell, Michael F. Rafferty, and Louis Bernsen, Memphis, Tennessee, for the appellants, Tracey Smith, Brandon Smith, Jessica Hill, and Justin Harris.

Jeffrey A. Land, Memphis, Tennessee, for the appellants, Sonia R. Craine, Rodney D. Craine, Sr.

Pamela Warnock Blair, Memphis, Tennessee, for the appellee, Oakwood Subdivision Homeowner's Association, Inc.

**OPINION**

# I. FACTS & PROCEDURAL HISTORY

Oakwood Subdivision is located in Lakeland, Tennessee. At the entrance to the subdivision, there is a community clubhouse owned by Oakwood Subdivision Homeowners Association, Inc. ("Oakwood HOA"). In May 2018, a resident of the Oakwood Subdivision, who was also a member of Oakwood HOA, reserved the clubhouse for an event by filling out a reservation form and paying a rental fee. This particular homeowner had lived in Oakwood Subdivision for over a decade and had rented the clubhouse about a dozen times for previous events. On this particular occasion, the resident indicated on the reservation form that the purpose of the rental was for a "Birthday Party."

The party was held on the evening of Sunday, May 27, 2018. The nature of the party was a sixteenth birthday party for the god-daughter of the Oakwood resident who rented the clubhouse, and the party was co-hosted by the resident and her husband along with the girl's parents. Unbeknownst to Oakwood HOA, the god-daughter had posted an image of an invitation or flyer on her social media pages, advertising the party as a "Lit 16 Birthday Bash." A comment below the flyer stated, "Tell a friend to bring a friend and tell that friend to bring a friend too." However, the flyer also stated, "Security Enforced." The god-daughter had about 5,000 followers on Instagram, where she posted the flyer. On the evening of the party, however, the peak number of guests was around sixty, which did not exceed the maximum permitted occupancy of the building.

A shooting occurred outside the party around 10:00 p.m. According to a report by the sheriff's office, responding officers were advised that the god-daughter's father and grandfather "were working the front door and [] deciding who to let in the party," and they turned away four black males because "they looked to[o] Ghetto." The report states that "words were exchanged between them," and a few minutes after the subjects left, shots were fired from a vehicle on a nearby road. Three minors, who were guests at the party but were outside in the clubhouse parking lot, were struck by bullets.

The parents of the three minors, individually and on behalf of their children, ("Plaintiffs") filed three separate complaints seeking to recover for their injuries. The complaints were essentially identical and named thirteen defendants. Relevant to this appeal, the complaints asserted two separate claims for negligence and one claim of premises liability against Oakwood HOA. The claims for negligence asserted that Oakwood HOA breached its duty of reasonable care in several ways: by failing to properly review the resident's reservation form and verify the information, failing to require or provide security measures or security cameras, failing to limit the number of attendees, failing to impose adequate parameters or limit the type of use of the clubhouse, failing to review any propaganda distributed regarding the party, failing to govern the behavior at the clubhouse, and failing to have traffic monitors or controls. They alleged that Oakwood HOA had reason to know of dangerous conditions that would result from permitting the

party to take place and "the unruly crowds such a party attracts." For the premises liability claim, Plaintiffs further alleged that Oakwood HOA had an obligation to exercise ordinary care and diligence and knew or should have known the nature of the party and the number of guests invited. They alleged that it was reasonably foreseeable that the party would lead to harm for the guests in attendance.

An agreed order was entered consolidating the three cases for discovery and trial. In the months and years that followed, most of the defendants were dismissed by various orders. The Oakwood resident who rented the clubhouse, and her husband, were two of the remaining defendants. In 2019, they moved for summary judgment on the basis that Plaintiffs could not establish two essential elements of their claims – duty and proximate cause. Oakwood HOA filed a separate motion for summary judgment but adopted the memorandum and statement of undisputed facts submitted by the resident and her husband. Therein, Oakwood HOA argued that Plaintiffs could not establish that the criminal acts of the third parties were reasonably foreseeable, that Oakwood HOA owed Plaintiffs a duty, or that Oakwood HOA proximately caused Plaintiffs' injuries. In August 2019, the trial court denied the motion for summary judgment "at this time" in order to enable Plaintiffs to engage in additional discovery. However, the court noted that its ruling was without prejudice to the defendants' ability to bring their motion again after further discovery was completed.

In March 2020, Plaintiffs filed a motion to amend all three complaints to assert additional causes of action against Oakwood HOA. They sought to add claims for negligent hiring, negligent retention, negligent training, and negligent supervision, in relation to Oakwood HOA's employees and the management company it employed. In addition, Plaintiffs sought to add additional factual allegations to their negligence claims, including Oakwood HOA's failure to have policies in place regarding firearms, illegal drugs, lewd activities, or active shooters at the property. Along with their motion to amend the complaints, Plaintiffs simultaneously filed a motion for leave to name an additional expert, who would address "issues relating to or arising out of the negligent hiring, negligent retention or negligent supervision[.]" They argued that the amendment of their complaints and the naming of an additional expert would not delay the upcoming trial set for July 2020.

The 2020 trial date was continued, apparently due to Covid-19 protocols, and in May 2021, the trial date was reset for June 2022. In January 2022, Oakwood HOA filed a response to Plaintiffs' motion to amend the complaints, noting that the motion had never been set for a hearing even though it was filed almost two years earlier. Oakwood HOA asked the trial court to deny the motion to amend on the grounds of delay, futility of the proposed amendment, and the threat of prejudice. It pointed out that the case had been pending for three and a half years, and the deadlines for written discovery and party depositions had passed. Oakwood HOA contended that adding four additional causes of action and additional factual allegations, for which Plaintiffs intended to designate an

- 3 -

additional expert, would require reopening discovery. Additionally, Oakwood HOA asserted that the proposed amendment was futile. It noted that the management company employee who accepted the rental reservation form for the party had been voluntarily dismissed from the case in 2019. It also argued that no nexus existed between any employee unfitness and Plaintiffs' injury, as there was nothing to show that this particular resident should not have been allowed to rent the clubhouse. Moreover, Oakwood HOA noted that although its motion for summary judgment had been denied without prejudice, written discovery and party depositions were now complete, and Plaintiffs still had not produced any evidence to show that the shooting was foreseeable. For all these reasons, Oakwood HOA asked the trial court to deny Plaintiffs' "dormant" motion to amend. On January 24, 2022, the trial court entered an order denying Plaintiffs' motion to amend on the grounds of delay and futility. Simultaneously, the trial court entered an amended scheduling order, which stated that the deadlines for written discovery and party depositions had passed, and the trial date remained set for June 2022.

In February 2022, Oakwood HOA filed a motion for summary judgment, asserting the same two grounds that it had before. First, Oakwood HOA argued that Plaintiffs could not prove that the crime was foreseeable, as they had no evidence of prior criminal acts in the vicinity. In the absence of foreseeability, it argued, there was no duty, which negated one essential element of Plaintiffs' claims. Second, Oakwood HOA argued there was no evidence that its conduct was the proximate cause of Plaintiffs' injuries. It noted that criminal acts of unknown third parties occurred on a public street that was not within the control of Oakwood HOA. Thus, it argued that the unknown shooters were "the sole proximate cause" of Plaintiffs' injuries, and Plaintiffs could establish "no nexus between any conduct of Oakwood HOA and the Plaintiffs' injuries." Oakwood HOA clarified that even though the trial court's ruling on the element of duty would preclude the need for a trial, it was alternatively arguing that Plaintiffs had "no *Rye*-worthy evidence to prove Plaintiffs' injuries were caused by the alleged Oakwood HOA conduct." In sum, Oakwood HOA contended that "Plaintiffs cannot establish the requisite elements of a Tennessee negligence claim, which," they noted, "is the first step to establish the requisite elements of a premises liability claim entitling Oakwood HOA to a Tenn. R. Civ. P. 56 summary judgment as a matter of law." In support of its motion for summary judgment, Oakwood HOA submitted deposition testimony, discovery responses, its rental rules for the clubhouse, the reservation form, and an affidavit of an engineer.

Plaintiffs filed a response to Oakwood HOA's motion for summary judgment. They contended that the key issue was the duty Oakwood HOA owed under the circumstances, and Plaintiffs continued to insist that the shooting was foreseeable. They also argued that any analysis of duty must consider special circumstances existing in this case, such as the fact that minors were involved, landlord/tenant issues, duties of social hosts, etc. In support of their response, Plaintiffs relied on deposition testimony, an affidavit of the subdivision developer, the sheriff's office report, documents produced during discovery, and other items.

- 4 -

After a hearing, the trial court entered an order granting Oakwood HOA's motion for summary judgment for the reasons set forth in the attached transcript of the summary judgment hearing. That transcript reflects that the trial judge began by noting that she had denied a previous summary judgment motion in order to enable Plaintiffs to engage in additional discovery. She then set forth the applicable legal standard for considering a summary judgment motion. The trial judge also clarified that due to the dismissal of the other defendants, "all we're dealing with is the actions of Oakwood."[1] She continued with the following oral ruling:

> And so what the Court has to do to decide whether there are genuine issues of material fact is to look at those and say this is what Plaintiff alleged that the Defendants did, right, and is there a nexus between what's alleged they did and what happened and the harm. That's one thing the Court has to look at to see if – you know, in fact, we would look at that if we were on a motion to dismiss, right. You know, is that – did that lead to that? As a matter of law, did that happen? Is there a claim for – for the Plaintiff in light of those actions that are alleged?
>
> Another thing the Court has to look at is – you know I always teach my students and I tell lawyers to come to me, you know, you're going to talk about a negligence claim, then, you tell me what the elements are that may involve a negligence claim, tell me what they are. If you're saying that this doesn't exist, then, go through the elements and tell me which one is missing, right. And of course, require – required for a negligence claim is [] the establishment of a duty. There has to be a duty. And if there – if the – if the Defendant doesn't have a duty, then, there is no viable claim. There's no genuine issue of material fact. The Defendants would be entitled to judgment as a matter of law. In cases like this, for instance, liability cases, cases – even if they put it in the framework of landlord-tenant, there has to be foreseeability for there to be a duty, and it can't be speculative. It has to be that no reasonable juror would find that there would be – that what happened would be foreseeable to Oakwood under all of these circumstances.
>
> Now, the Plaintiffs have made the argument that there was a heightened sense here. In other words, there was a special relationship. The court finds that Oakwood was not – is not under the responsibility of heightened duty of care. I think it was ordinary care, but even if there were, I think that there is a failure here for Plaintiffs to show the Court, show to the Court that there was any foreseeability. I think *Satterfield* is inapplicable for a number of reasons. . . .
>
> So the Court finds, in this case that there – even when I consider everything in the light most favorable to the Plaintiffs in this case, I don't see

[1] By this point in the proceedings, Oakwood HOA was the last remaining defendant.

foreseeability. I don't. I have challenged Plaintiffs to show me the foreseeability. I just don't – I don't – I don't see it. If there's no foreseeability, then, there is no, no duty.

Another issue, I think, the Plaintiffs have is this whole idea of nexus, right. All the things that Plaintiffs asserted that Oakwood did or failed to do, I can't see how that leads to the harm that occurred here. And as I said, you know, I spent a tremendous amount of time with this case, looking at this case. Every time you're before me, I spend considerable time studying the facts. I feel like I know – I know the parties and the lawyers. I've seen them come and go in this case. And you know, even if the Court were to consider the social media posts that were made, you know, which were unfortunate – I mean, this is an unfortunate case. If my kid did that, I would be – oh, first, would never have a party again, right. I mean, that's – that's a dangerous thing for a child to do. But what Oakwood – responsibility of Oakwood have for that? I just – I don't, I don't even – I just don't see it. So, because of – there is – the Court does not see that this was foreseeable, so we don't even get to any other factors to analyze. And because of the lack of nexus, even if there were a duty, I think the Defendants are entitled to judgment as a matter of law. And I am granting the motion for summary judgment. And believe me, I studied this here, because I know this – this is – you know, it's a blow. The case has been around for a long time. People were injured, I get it, I understand that, but I don't think in any way, any jury could find that Oakwood would be responsible, because the Defendants have negated an essential element of the Plaintiffs' claim, and that is the element of duty.

The trial judge directed counsel for Oakwood HOA to prepare an order, and she explained to Plaintiffs that once it was entered, "[t]hen, you can file your appeal[.]" The trial court's written order concluded by stating that "the case is dismissed as to Defendant Oakwood [HOA]."

Three weeks after the entry of the April 5 order granting Oakwood's motion for summary judgment, Plaintiffs filed a "Motion to Reconsider, or, in the Alternative, Clarify Ruling on Defendant's Motion for Summary Judgment, Including a Request for Special Setting and Expedited Hearing." At the outset, Plaintiffs conceded that their claims against "all of the defendants except Oakwood" had been resolved prior to the hearing on the motion for summary judgment, and the only claims remaining against Oakwood HOA were the two claims of negligence and one claim of premises liability. Plaintiffs acknowledged that the trial court's summary judgment order "dismissed the case in its entirety." However, Plaintiffs contended that the trial court had actually only granted summary judgment "as to the plaintiffs' premises liability claim" and failed to address their two claims for negligence. According to Plaintiffs, their two separate claims for negligence "were not raised" in the motion for summary judgment and were not addressed by the order granting summary judgment. They insisted that the only count addressed in the motion

and resolved by the order was the premises liability claim. Thus, Plaintiffs contended that there were still unadjudicated claims set forth in their complaint, which precluded them from seeking appellate review because their appeal would be subject to dismissal as an appeal of a nonfinal order. Plaintiffs suggested that the summary judgment order should have been designated as an order granting *partial* summary judgment. As a result, they asked the court to "vacate its April 5 order and set this case for trial on the plaintiffs' negligence claims." "In addition to correcting the procedural error" of dismissing the entire case, Plaintiffs also asked the court "to reconsider its conclusion" as to duty and foreseeability. They asserted that the court failed to view the evidence in their favor and that its decision was inconsistent with controlling precedent. In summary, Plaintiffs asked the court to "clarify" that its legal conclusion regarding foreseeability resolved the premises liability claim but was "not otherwise determinative" of the negligence claims. They also asked the court to reconsider its conclusion as to foreseeability and deny the motion for summary judgment. They requested an expedited hearing due to the thirty-day time period for filing a notice of appeal if the order was not vacated.

The trial court subsequently directed Plaintiffs to submit further briefing, identifying what issues they contended were not adjudicated by the summary judgment order. Thus, Plaintiffs submitted a supplemental memorandum reiterating their position that the summary judgment motion and order only pertained to the premises liability claim. Oakwood HOA submitted a response, arguing that *all* claims against all parties had been dismissed, and therefore, the April 5 order was a final and appealable order. First, Oakwood HOA pointed out that the summary judgment order found the absence of any nexus between the alleged acts and omissions of Oakwood HOA and the harm that occurred. Next, it noted the trial court's finding that there was no foreseeability and therefore no duty. Oakwood HOA insisted that the trial court's ruling extended to "all negligence claims," not just the premises liability claim. Oakwood HOA explained that its motion for summary judgment had specifically listed the complaint's allegations from the two negligence counts "with the intent of putting them all before the Court." Oakwood HOA also suggested, however, that the allegations within the negligence counts were "tantamount to a premises liability claim." In any event, it argued that the April 5 order granting summary judgment fully adjudicated the case and that nothing remained for adjudication.

Oakwood HOA filed a separate response to the motion to reconsider, noting that Plaintiffs' motion did not cite any Rule of Civil Procedure as the basis for its request for reconsideration. However, given Plaintiffs' argument that the judgment was not final, Oakwood HOA interpreted the motion as one for reconsideration of a nonfinal order under Tennessee Rule of Civil Procedure 54.02. Oakwood HOA maintained, however, that the order *was* a final judgment and that Rule 54.02 did not govern the matter. Oakwood HOA also noted that Plaintiffs did not offer any newly discovered evidence, nor did they assert any change in the law. According to Oakwood HOA, Plaintiffs' motion was simply an attempt to reargue its previous positions and request that the trial court reconsider its ruling.

Thus, Oakwood HOA asked the court to conclude that its April 5 order was a final judgment and deny Plaintiffs' motion to reconsider or clarify.

After a hearing, the trial court entered an order denying Plaintiffs' motion to reconsider. The order states, in pertinent part:

> To the extent Plaintiffs seek to have the Court alter or amend its ruling pursuant to Rule 59.04, the Motion is denied. Such a motion should be granted "when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." Bradley v McLeod, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). Plaintiffs have not argued nor does the record support that either of these circumstances exists.
>
> Plaintiffs have also requested the Court clarify its ruling from the March 25, 2022, hearing. The Court granted Defendant Oakwood's motion for summary judgment finding that Oakwood had negated an essential element of Plaintiff's claims based on both premises liability and negligence. The evidence at this stage of the litigation does not establish that Oakwood was negligent in maintaining or allowing use of the clubhouse on either theory. The record reveals that Oakwood had no notice of prior criminal activity at or near the clubhouse and, therefore, Plaintiff could not establish the element of duty. The Court also found that, even had there been a duty, Plaintiff failed to establish any act or omission on the part of Oakwood that served as a nexus to Plaintiffs' injuries.
>
> Any and all unresolved matters filed, argued, or otherwise presented to the Court for consideration in these consolidated cases are hereby denied. In each of the cases consolidated herein, costs are assessed against the Plaintiffs, one-third to each.

Plaintiffs filed a notice of appeal on June 20, 2022.

## II.   ISSUES PRESENTED

Plaintiffs present two issues for review on appeal, which we quote verbatim from their brief:

> 1.     Was it foreseeable that teenagers invited to attend a party at a community clubhouse owed by a suburban HOA would be injured when the HOA (i) did not have rules in place to ensure oversight of the number and method for inviting guests to parties at the clubhouse; (ii) the HOA did not provide supervision of such parties; (iii) the HOA did not ensure compliance with its existing rules, particularly prohibiting cohosting of events with non-residents; (iv) the HOA ignored multiple warning signs of increased criminal

activity in the community; (v) the HOA delegated its oversight responsibilities to an untrained and unsupervised employee of a vendor which was hired only to provide accounting services, not general HOA management services?

2.      Should the plaintiffs' motion under Rule 15.01 of the Tennessee Rules of Civil Procedure to amend their complaint have been granted when (i) the motion was made after the completion of discovery and after multiple defendants were dismissed; (ii) the plaintiffs did not unduly delay in asking to amend their complaint; (iii) the defendants at the time would not have been prejudiced by clarifying the plaintiffs' claims; and (iv) the amendment would not have delayed the trial of the case?

In its posture as appellee, Oakwood HOA contends that this Court lacks jurisdiction to consider this appeal because the trial court's initial summary judgment order was a final order, Plaintiffs failed to file the type of post-judgment motion that would toll the time for filing a notice of appeal, and their notice of appeal filed after resolution of that motion was untimely.

For the following reasons, we affirm the decision of the circuit court.

### III.   DISCUSSION

#### A.   *Appellate Court Jurisdiction*

Because Oakwood HOA questions the jurisdiction of this Court, we will begin with its issue on appeal.  As previously noted, Oakwood HOA argues that the trial court's April 5 order was a final judgment and that Plaintiffs failed to file one of the specified post-judgment motions that would toll the time for filing a notice of appeal.  Thus, we must first determine whether the April 5 order was a final judgment.

Again, Plaintiffs acknowledge that, by the time of the hearing on the motion for summary judgment, all of the defendants had been dismissed except Oakwood HOA, and the only claims remaining against Oakwood HOA were described in the complaint as one claim for premises liability and two claims for negligence.  In its motion for summary judgment, Oakwood HOA argued that Plaintiffs "are not able to establish a necessary element of their negligence claim – duty," and "neither do Plaintiffs have evidence that their Complaint allegations concerning the conduct of Oakwood HOA are the proximate cause of Plaintiffs' injuries."  The summary judgment motion listed the specific allegations that were set forth in Plaintiffs' complaint under the headings for "A. Negligence" and "B. Negligence."  It also listed the specific allegations in Plaintiffs' complaint that were under the heading for "H. Premises Liability."  Oakwood HOA argued that Plaintiffs had no admissible evidence showing any nexus between its alleged conduct and Plaintiffs'

injuries, and therefore, they failed to establish the essential element of proximate cause. It further argued that "[t]he absence of foreseeability results in an absence of duty and negates an essential element of Plaintiffs' claims." Thus, Oakwood HOA argued, "Plaintiffs cannot establish the requisite elements of a Tennessee negligence claim, which is the first step to establish the requisite elements of a premises liability claim entitling Oakwood HOA to a Tenn. R. Civ. P. 56 summary judgment as a matter of law."[2] Notably, they did not assert that they were entitled to *partial* summary judgment.

The April 5 order granting the motion for summary judgment clearly stated that "the case is dismissed as to Defendant Oakwood [HOA]." We also note that after the trial judge announced her oral ruling regarding the elements of duty and proximate cause, she directed counsel to prepare a proposed order and instructed Plaintiffs about their right to appeal. Plaintiffs never characterized the motion as one for partial summary judgment or suggested that any claims remained for trial. It was not until their post-judgment motion, three weeks later, that Plaintiffs contended that issues remained outstanding. The trial court rejected this argument, stating in its order denying the motion to clarify or reconsider:

> Plaintiffs have also requested the Court clarify its ruling from the March 25, 2022, hearing. *The Court granted Defendant Oakwood's motion for summary judgment finding that Oakwood had negated an essential element of Plaintiffs' claims based on both premises liability and negligence.* The evidence at this stage of the litigation does not establish that Oakwood was negligent in maintaining or allowing use of the clubhouse *on either theory*.

(emphasis added). Having thoroughly reviewed the record, we likewise conclude that the April 5 order resolved all claims asserted in Plaintiffs' complaint against Oakwood HOA. Thus, it was a final and appealable order. *See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (explaining that a final judgment resolves all issues and leaves "nothing else for the trial court to do") (quotation omitted).

Given our agreement with Oakwood HOA regarding the finality of the order, we now turn to its second argument regarding whether Plaintiffs' post-judgment motion was

---

[2] "In order to maintain a claim for premises liability, a plaintiff must present prima facie evidence of the customary elements of negligence." *Est. of Smith v. Highland Cove Apartments, LLC*, 670 S.W.3d 305, 313 (Tenn. Ct. App. 2023); *see also Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (explaining that "persons seeking to prevail against a property owner on a premises liability claim must prove the elements of a negligence claim, *and in addition*, must prove" other requirements); *Garamella v. City of Lebanon*, No. M2021-00262-COA-R3-CV, 2022 WL 202641, at *3 (Tenn. Ct. App. Jan. 24, 2022) ("A premises liability claim is one of negligence[.]"); *Wortham v. Kroger Ltd. P'ship I*, No. W2019-00496-COA-R3-CV, 2020 WL 4037649, at *7, *16 (Tenn. Ct. App. July 16, 2020) (explaining that "a premises liability claim is a specific type of negligence claim" and "incorporates the elements of an ordinary negligence claim," so "breach of duty and causation are necessary elements of both ordinary negligence and premises liability theories").

- 10 -

of the type that tolls the time for filing a notice of appeal. To briefly recap, Plaintiffs' motion was titled as a "Motion to Reconsider, or, in the Alternative, Clarify Ruling on Defendant's Motion for Summary Judgment, Including a Request for Special Setting and Expedited Hearing." Therein, Plaintiffs first argued that the trial court "did not address" their two claims of negligence. Next, they asked the court to "reconsider its conclusion" as to duty and foreseeability. The trial court's order denying the motion stated that "[t]o the extent Plaintiffs seek to have the Court alter or amend its ruling pursuant to Rule 59.04, the Motion is denied."

"[C]ertain post-trial motions, such as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, if timely filed, toll commencement of the thirty-day period [for filing a notice of appeal] until an order granting or denying the motion is entered." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (citing Tenn. R. App. P. 4(b); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)). However, "courts must consider the substance of a motion in determining whether it is in fact one of the specified post-trial motions which toll commencement of the time." *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998). Notably, at this point, the issue is not whether the trial court correctly *denied* the motion but instead whether the motion "was one recognized under Rule 59." *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 826 (Tenn. Ct. App. 2012). We "'must parse through the body of the motion to determine whether it requests the sort of relief available'" through a motion to alter or amend. *Stokely v. Stokely*, No. E2017-00433-COA-R3-CV, 2018 WL 485998, at *4 (Tenn. Ct. App. Jan. 19, 2018) (quoting *Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *4-5 (Tenn. Ct. App. Feb. 10, 2016)). "A motion to alter or amend should 'be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice.'" *U.S. Bank*, 410 S.W.3d at 826 n.2 (quoting *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)).

This Court considered the sufficiency of a post-judgment motion much like the one before us in *Clear Water Partners, LLC v. Benson*, No. E2016-00442-COA-R3-CV, 2017 WL 376391 (Tenn. Ct. App. Jan. 26, 2017). The case involved claims for tortious interference with business relationships, tortious interference with contract, and civil conspiracy. *Id.* at *2. During a hearing on the defendants' motions to dismiss, the trial judge had stated that "this whole thing is founded upon a breach of contract." *Id.* at *3. After the trial court entered its order of dismissal, the plaintiff filed a Rule 59 motion pointing out that its complaint also included a claim for tortious interference with business relationships, in addition to its claim for tortious interference with contract, and arguing that the business relationships claim did not have to meet the same requirements. *Id.* The defendants moved to strike the motion to alter or amend, arguing that it was essentially "an unauthorized motion for reconsideration rather than a true motion to alter or amend." *Id.* The trial court agreed that the motion was substantively one for reconsideration and struck the motion. *Id.* On appeal, the defendants argued that this Court lacked jurisdiction

because the motion was not a valid motion to alter or amend that tolled the time for filing a notice of appeal. *Id.* at \*12. This Court disagreed. The plaintiff had "argued in its motion that the trial court *failed to address* its claim for tortious interference with business relationships." *Id.* at \*11 (emphasis added). We explained,

> "The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005); *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998). Such a motion "permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters." *Morrison v. Morrison*, 2002 WL 31423848, at \*2 (Tenn. Ct. App. Oct. 29, 2002).

*Id.* at \*12 (quoting *Baxter v. Heritage Bank & Trust*, No. M2012-02689-COA-R3-CV, 2014 WL 1118072, at \*3 (Tenn. Ct. App. March 19, 2014)). Thus, Rule 59 motions "'prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors before a judgment becomes final.'" *Id.* (quoting *Byrnes v. Byrnes*, 390 S.W.3d 269, 275 (Tenn. Ct. App. 2012)). In arguing that the trial court had failed to address one of its claims, the plaintiff properly moved the trial court "to address what it considered to be a clear error of law and/or injustice, thereby providing the trial court with an opportunity to correct any errors before its judgment became final and avoiding an unnecessary appeal." *Id.* at \*13. Therefore, we held that the motion was properly filed pursuant to Rule 59.04 and tolled the time for filing an appeal. *Id.* *See also In re March 9, 2012 Order*, 637 S.W.3d 708, 713 (Tenn. Ct. App. 2020) (concluding that a motion "should be treated, at least in part, as a legitimate motion to alter or amend," where the appellant "moved the trial court to address what [he] considered to be a clear error of law and/or injustice, thereby providing the trial court with an opportunity to correct any errors before its judgment became final and avoiding an unnecessary appeal").

Similarly, in *In re Carlee A.*, No. W2020-01256-COA-R3-PT, 2022 WL 225640, at \*16 (Tenn. Ct. App. Jan. 26, 2022), the appellants had filed a post-judgment motion arguing that the trial court's order "was silent as to its claims for monetary damages" and "there was nothing in the order specifically addressing the claim for intentional infliction of emotional distress." In analyzing whether this motion tolled the time for filing a notice of appeal, we emphasized that "[t]he issue at this juncture is not whether the [appellants] were right or wrong in their assertions," but "whether their motions were of the type 'recognized under Rule 59.'" *Id.* (quoting *U.S. Bank*, 410 S.W.3d at 826). We concluded that they were, noting that "[a] Rule 59 motion 'permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters.'" *Id.* (quoting *Clear Water*, 2017 WL 376391, at \*12). As such, "the time for filing a notice of appeal was tolled, and the notice of appeal was timely filed." *Id.*

Here, Plaintiffs' motion to reconsider or clarify similarly argued that the trial court had failed to address their claims for negligence. Right or wrong, this was the type of motion that tolled the time for filing a notice of appeal. *See id.* Therefore, their notice of appeal was timely, and this Court has jurisdiction to consider the appeal.

## B.    *Motion to Amend*

The next issue we address is Plaintiffs' contention that the trial court should have granted their motion to amend the complaints. "Rule 15 of the Tennessee Rules of Civil Procedure governs the amendment of pleadings." *Sallee v. Barrett*, 171 S.W.3d 822, 829 (Tenn. 2005). A party may amend its pleadings once as a matter of course before a responsive pleading is served, but once the opposing party has filed a responsive pleading, the party seeking to amend must obtain written consent of the adverse party or leave of court. *Abdur'Rahman v. Parker*, 558 S.W.3d 606, 620 (Tenn. 2018). "The grant or denial of a motion to amend is within the sound discretion of the trial court, and the court's action will be reversed only for an abuse of discretion." *Sallee*, 171 S.W.3d at 825-26 (citing *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001); *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 237-38 (Tenn. 1993)). Under this standard, "an appellate court cannot substitute its judgment for that of the trial court." *Abdur'Rahman*, 558 S.W.3d at 620. "[T]he trial court's decision to deny a motion to amend 'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.'" *Schutt v. Miller*, No. W2010-02313-COA-R3-CV, 2012 WL 4497813, at *11 (Tenn. Ct. App. Sept. 27, 2012) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).

Leave to amend "shall be freely given when justice so requires." Tenn. R. Civ. P. 15.01. However, "courts have identified a number of circumstances that, singly or in combination, could warrant denying a motion to amend a pleading." *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn. Ct. App. 2004). Such circumstances include: "(1) undue delay in seeking the amendment, (2) lack of notice to the opposing party, (3) bad faith or dilatory motive of the moving party, (4) repeated failure by the moving party to cure deficiencies in earlier amendments, (5) futility of the proposed amendment, and (6) undue prejudice to the opposing party." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Gardiner v. Word*, 731 S.W.2d 889, 891-92 (Tenn. 1987)).

Here, Plaintiffs filed their motion to amend all three complaints in March 2020, when the litigation had been pending for twenty months. They sought to add four new claims, for negligent hiring, negligent retention, negligent training, and negligent supervision, along with additional factual allegations, alleging failure to have in place policies regarding firearms, illegal drugs, lewd activities, or active shooters. However, they did not set their motion for a hearing. The original trial date was delayed due to Covid-19, and in May 2021, a new trial date was set for June 2022. In January 2022, Oakwood HOA filed a response to the motion to amend the complaints, asking the court to deny the "dormant" motion, which had been pending for nearly two years. It noted that the deadlines

- 13 -

for written discovery and party depositions had passed and that adding six pages of new claims to the complaints would require reopening discovery. Oakwood HOA also asserted that the proposed amendment was futile for several reasons, as the employee who accepted the reservation forms had been voluntarily dismissed from the case, there was no nexus alleged between any unfitness of the employee and the injury, there was nothing to indicate that this particular homeowner should not have been allowed to rent the clubhouse, and the injury was not foreseeable. The trial court denied the motion to amend on the grounds of delay and futility.

On appeal, Plaintiffs argue that "the plaintiffs did not unduly delay in asking to amend their complaint, the defendants at the time would not have been prejudiced by clarifying the plaintiffs' claims, and the amendment would not have delayed the trial of the case." Notably, however, Plaintiffs do not present any analysis of the factor regarding futility. Regarding delay and prejudice, they admit in their brief that "discovery . . . had been concluded." They suggest that no additional discovery would have been necessary to address their four new claims and additional allegations, but Oakwood HOA disputes this and claims that it would have been required to seek leave from the expired scheduling order deadline for depositions and discovery, with the trial date approaching. We note that Plaintiffs had simultaneously filed a motion for leave to name an additional expert, stating that even though the deadline for expert disclosures had passed, "there is now a need for an additional expert to address . . . issues relating to or arising out of the negligent hiring, negligent retention or negligent supervision of [Oakwood HOA's] agents[.]"

"'[W]hen an amendment is sought after a lawsuit has been pending for a considerable period of time, there is a greater threat of prejudice to the other party and delay, especially where the sought amendment will add new claims and cause discovery to be reopened.'" *Holcomb v. Cagle*, 277 S.W.3d 393, 397 (Tenn. Ct. App. 2008) (quoting *Moody v. Hutchison*, 247 S.W.3d 187, 199 (Tenn. Ct. App. 2007)). By the time of the hearing on the motion to amend, the case had been pending for three and a half years, and the deadlines for written discovery and party depositions had passed. From our review of the record, we conclude that the trial court's decision was within the range of acceptable alternatives and not an abuse of discretion. *See WS Inv. Holdings, LP v. David E. Danner, P.C.*, No. M2007-00847-COA-R3-CV, 2008 WL 4254606, at *5 (Tenn. Ct. App. Sept. 10, 2008) ("If [] justifiable reasons for dismissing a motion to amend are readily apparent, then the action is not an abuse of discretion and will be sustained.").

### C. *Summary Judgment*

The final issue presented on appeal pertains to the trial court's award of summary judgment to Oakwood HOA. Plaintiffs frame their issue as follows:

> Was it foreseeable that teenagers invited to attend a party at a community clubhouse owed by a suburban HOA would be injured when the HOA (i) did

- 14 -

not have rules in place to ensure oversight of the number and method for inviting guests to parties at the clubhouse; (ii) the HOA did not provide supervision of such parties; (iii) the HOA did not ensure compliance with its existing rules, particularly prohibiting cohosting of events with non-residents; (iv) the HOA ignored multiple warning signs of increased criminal activity in the community; (v) the HOA delegated its oversight responsibilities to an untrained and unsupervised employee of a vendor which was hired only to provide accounting services, not general HOA management services?

Within the argument section of Plaintiffs' brief, they argue that "[t]he trial court's analysis of foreseeability as an element of the legal question of duty was inconsistent with Tennessee law." They argue that "Oakwood owed a duty under Tennessee law to use reasonable care to protect the minor guests against unreasonable risk of foreseeable harm." Plaintiffs also contend that "there are many genuine contested issues of fact material to the issue of Oakwood's duty based upon the foreseeability of harm[.]" However, all of the various arguments in Plaintiffs' brief are focused on the element of duty.

As we have emphasized throughout this opinion, Oakwood HOA moved for summary judgment based on two grounds. First, it argued that "[t]he absence of foreseeability results in an absence of duty and negates an essential element of Plaintiffs' claims." Second, it argued, "neither do Plaintiffs have evidence that their Complaint allegations concerning the conduct of Oakwood HOA are the proximate cause of Plaintiffs' injuries," as "Plaintiffs can establish no nexus between any conduct of Oakwood HOA and the Plaintiffs' injuries." Thus, Oakwood HOA clarified that even though "this Court's ruling on the element of duty will preclude the need for a trial in this cause," it was alternatively arguing that "Plaintiffs have no *Rye*-worthy evidence to prove Plaintiffs' injuries were caused by the alleged Oakwood HOA conduct."

"[D]uty and proximate cause are separate components of a negligence claim." *Turner v. Jordan*, 957 S.W.2d 815, 818 n.3 (Tenn. 1997). "No claim for negligence can succeed in the absence of any one of [the common law] elements." *Cox v. M.A. Primary & Urgent Care Clinic*, 313 S.W.3d 240, 259 (Tenn. 2010) (quoting *Kelley v. Middle Tenn. Emergency Physicians*, 133 S.W.3d 587, 592 (Tenn. 2004)); *see, e.g., Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 772 (Tenn. 2006) (finding no proximate cause and then stating that "[a]s a result of our holding on this element, we need not discuss duty of care or any other elements of the negligence action"). "If the plaintiff fails to prove the existence of a genuine issue of material fact as to any single element in the cause of action for negligence, then summary judgment in favor of the defendant is appropriate." *Harwell v. Raleigh Ridge Owners Ass'n, Inc.*, No. 02A01-9411-CH-00261, 1996 WL 277727, at *2 (Tenn. Ct. App. May 28, 1996).

The trial court's orders make clear that its ruling was based on both elements – duty

- 15 -

and proximate cause.  The transcript of her oral ruling, which bears repeating, states:

> And so what the Court has to do to decide whether there are genuine issues of material fact is to look at those and say this is what Plaintiff alleged that the Defendants did, right, and *is there a nexus* between what's alleged they did and what happened and the harm.  *That's one thing the Court has to look at* to see if – you know, in fact, we would look at that if we were on a motion to dismiss, right.  You know, is that – did that lead to that?  As a matter of law, did that happen?  Is there a claim for – for the Plaintiff in light of those actions that are alleged?
>
> *Another thing the Court has to look at* is – you know I always teach my students and I tell lawyers to come to me, you know, you're going to talk about a negligence claim, then, you tell me what the elements are that may involve a negligence claim, tell me what they are.  If you're saying that this doesn't exist, then, go through the elements and tell me which one is missing, right.  And of course, require – required for a negligence claim is [] the establishment of a duty.  *There has to be a duty*.  And if there – if the – if the Defendant doesn't have a duty, then, there is no viable claim.  There's no genuine issue of material fact.  The Defendants would be entitled to judgment as a matter of law.  In cases like this, for instance, liability cases, cases – even if they put it in the framework of landlord-tenant, there has to be foreseeability for there to be a duty,[3] and it can't be speculative.  It has to be that no reasonable juror would find that there would be – that what happened would be foreseeable to Oakwood under all of these circumstances.
>
>         . . . .
>
> So the Court finds, in this case that there – even when I consider everything in the light most favorable to the Plaintiffs in this case, I don't see foreseeability.  I don't.  I have challenged Plaintiffs to show me the foreseeability.  I just don't – I don't – I don't see it.  *If there's no foreseeability, then, there is no, no duty.*
>
> *Another issue*, I think, the Plaintiffs have *is this whole idea of nexus,* right.  All the things that Plaintiffs asserted that Oakwood did or failed to do, *I can't see how that leads to the harm that occurred here.* . . . And you know, even if the Court were to consider the social media posts that were made, you know, which were unfortunate – I mean, this is an unfortunate case.  If my kid did that, I would be – oh, first, would never have a party again, right.  I mean, that's – that's a dangerous thing for a child to do.  But what Oakwood – responsibility of Oakwood have for that?  I just – I don't, I don't even – I

---

[3] "In order to determine whether a duty is owed in a particular circumstance, courts must first establish that the risk is foreseeable, and, if so, must then apply a balancing test based upon principles of fairness to identify whether the risk was unreasonable. . . . [N]o duty will arise when a risk of injury is not generally foreseeable." *Giggers v. Memphis Hous. Auth*., 277 S.W.3d 359, 365 (Tenn. 2009).

just don't see it. [4]  So, because of – there is – *the Court does not see that this was foreseeable, so we don't even get to any other factors to analyze.  And because of the lack of nexus, **<u>even if there were a duty</u>**, I think the Defendants are entitled to judgment as a matter of law.*  And I am granting the motion for summary judgment.  And believe me, I studied this here, because I know this – this is – you know, it's a blow. The case has been around for a long time. People were injured, I get it, I understand that, but I don't think in any way, any jury could find that Oakwood would be responsible, because the Defendants have negated an essential element of the Plaintiffs' claim, and that is the element of duty.

(emphasis added).  The trial court's order denying the motion to reconsider reiterated that there were two bases for the summary judgment ruling.  The order states:

> Plaintiffs have also requested the Court clarify its ruling from the March 25, 2022, hearing.   The Court granted Defendant Oakwood's motion for

---

[4] "Proximate cause has been explained as the nexus between the negligence and the injury." *Cardella v. Cardella*, No. M2007-01522-COA-R3-CV, 2008 WL 4367306, at *4 (Tenn. Ct. App. Sept. 17, 2008); *Jessup v. Tague*, No. E2002-02058-COA-R3-CV, 2004 WL 2709203, at *2 (Tenn. Ct. App. Nov. 29, 2004) (quotations omitted).  Tennessee courts use a three-pronged test to assess proximate cause, requiring the plaintiff to demonstrate that:

> (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm being complained of; and (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

*Wilson v. Americare Sys., Inc.*, 397 S.W.3d 552, 558 (Tenn. 2013) (quoting *Hale v. Ostrow*, 166 S.W.3d 713, 719 (Tenn. 2005)).  It appears that the trial court's ruling was based on the first factor – that Oakwood HOA's conduct was not a substantial factor in bringing about the harm complained of.

We note that foreseeability "is an element of both duty and proximate cause." *Adams v. Hendersonville Hosp. Corp.*, No. M2006-01068-COA-R3-CV, 2007 WL 1462245, at *7 (Tenn. Ct. App. May 18, 2007).  Thus, "the analysis of duty and proximate cause is similar" in that "the analysis for each may require consideration of foreseeability principles." *Turner*, 957 S.W.2d at 818 n.3.  Again, however, "duty and proximate cause are separate components of a negligence claim." *Id.*  "The role that the concept of foreseeability plays in the context of a court's determination of the existence and scope of a duty differs from the role the concept plays when the fact-finder is addressing proximate causation." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 366 (Tenn. 2008).  Thus, our Supreme Court has "distinguished foreseeability in the context of duty and foreseeability in the context of proximate cause as two separate determinations." *Kim v. State*, 622 S.W.3d 753, 763 (Tenn. Ct. App. 2020).  "[T]he proximate cause analysis and the duty analysis are distinct." *Id.*; *see, e.g.*, *K.G.R. v. Union City Sch. Dist.*, No. W2016-01056-COA-R9-CV, 2016 WL 7230385, at *5 (Tenn. Ct. App. Dec. 14, 2016) (concluding that an incident was not foreseeable as a prima facie element of duty and pretermitting discussion of foreseeability as an element of causation); *Adams*, 2007 WL 1462245, at *7 (explaining that foreseeability "is an element of both duty and proximate cause, and it is necessary to separate the two").

summary judgment finding that Oakwood had negated an essential element of Plaintiff's claims based on both premises liability and negligence. The evidence at this stage of the litigation does not establish that Oakwood was negligent in maintaining or allowing use of the clubhouse on either theory. The record reveals that Oakwood had no notice of prior criminal activity at or near the clubhouse and, therefore, *Plaintiff could not establish the element of duty*. The Court also found that, *even had there been a duty, Plaintiff failed to establish any act or omission on the part of Oakwood that served as a nexus to Plaintiffs' injuries*.[5]

(emphasis added). Thus, the trial court's summary judgment order was based on two alternative and independent grounds. *See Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018) (noting that an alternative holding is "one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision") (quotation omitted).

Inexplicably, Plaintiffs did not designate any issue on appeal addressing the trial court's separate ruling on proximate cause. Likewise, the argument section of Plaintiffs' brief contains a lengthy argument regarding the element of duty without any argument as to proximate cause. However, in its posture as appellee, Oakwood HOA includes a section in its brief addressing proximate cause. It argues that "[t]he trial court correctly ruled Plaintiffs could not establish a nexus between their complaint allegations and conduct of Oakwood," and "[i]t is elemental that an alleged act of negligence must be the proximate cause of the injury."

"This court has previously confronted circumstances in which a trial court's ruling is supported by alternative independent bases but not all of those bases have been challenged on appeal." *Ramos v. Caldwell*, No. M2022-00222-COA-R3-CV, 2023 WL 1776243, at *3 (Tenn. Ct. App. Feb. 6, 2023). We have explained:

[G]enerally, where a trial court provides more than one basis for its ruling,

---

[5] The trial judge further explained during the hearing on the motion to reconsider:

The Court recalls last time that there were two areas of concern. One had to do with whether the nexus issue was met. In other words, whatever fault Plaintiffs found with Defendant Oakwood, there was no nexus between that fault and the injury that occurred.

The Court also said that, even if there were some connection, to have a duty established there has to be foreseeability and that that was lacking. And so it was based on the lack of duty for the negligence claims and the nexus.

The Court found that a summary judgment was appropriate because the defendants had negated an essential element of the plaintiffs' claim, that being duty, and that there was no nexus between the fault that Plaintiffs raised regarding what -- the failure on the part of the defendant and what the actual injury was.

- 18 -

the appellant must appeal all the alternative grounds for the ruling. *See* 5 Am. Jur. 2d Appellate Review § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."); *see also Tower Oaks Blvd., LLC v. Procida*, 219 Md. App. 376, 392, 100 A.3d 1255, 1265 (Md. 2014) ("The law of appellate review establishes that, '[w]hen a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm.'") (citation omitted); *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740-41 (Tex. App. 2007) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling."); *Johnson v. Commonwealth of Virginia*, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (Va. 2005) ("[W]e join the majority of jurisdictions holding that in 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'") (citation omitted).

*Id.* at *3 (quoting *Hatfield*, 2018 WL 3740565, at *7). In *Ramos*, for instance, the trial court denied a claim on two bases, but the appellant only challenged one of those on appeal. *Id.* at *1. We explained that "[t]he failure to challenge this independent alternative ground requires this court to affirm the trial court's ruling without considering the issue that was raised on appeal." *Id.* at *4; *see also Duckworth Pathology Group, Inc. v. Regional Medical Center at Memphis*, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *11 (Tenn. Ct. App. Apr. 17, 2014) (affirming where an appellant's brief failed to mention the trial court's several alternative rulings, "let alone seek their reversal").

We have also reached the same result in the context of a summary judgment ruling based on independent grounds. In *Lovelace v. Baptist Mem'l Hosp.-Memphis*, No. W2019-00453-COA-R3-CV, 2020 WL 260295, at *3 (Tenn. Ct. App. Jan. 16, 2020), the trial court's order contained "two independent bases for granting summary judgment." First, the trial court found an absence of "competent" expert proof on causation based on a nurse's qualifications. *Id.* Next, the trial court found that "even if" the nurse was competent, her testimony lacked proof as to causation. *Id.* We explained that the appellant "was required to appeal both grounds cited by the trial court, lest her challenge to the trial court's grant of summary judgment be waived." *Id.* (citing *Hatfield*, 2018 WL 3740565 at *7-8; *Duckworth*, 2014 WL 1514602 at *11). Upon review of the appellant's brief, we concluded that "she only fairly raised the qualifications ground as an error on appeal." *Id.* at *4. The other issue was not designated as an issue she presented on appeal or sufficiently argued within her brief. *Id.* As such, we concluded that the appellant "failed to properly challenge one of the two independent bases upon which the trial court granted summary judgment," and in the absence of a challenge to both grounds, her argument that summary judgment was inappropriate was waived. *Id.* at *5. Specifically, we explained that "the trial court's decision on this matter must be affirmed without reaching the substantive

merits of the grounds relied upon by the trial court." *Id.*

In sum, "'where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal.'" *Koblitz v. State*, No. M2021-00282-COA-R3-CV, 2021 WL 5549586, at *3 (Tenn. Ct. App. Nov. 29, 2021) (quoting *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, No. M2020-00804-COA-R10-CV, 2021 WL 2450456, at *12 (Tenn. Ct. App. June 16, 2021) *perm. app. denied* (Tenn. Oct. 14, 2021)). Because Plaintiffs confine their arguments on appeal to the issue of duty and present no argument regarding the trial court's separate ruling as to proximate cause, we affirm the decision of the trial court.[6]

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellants, Tracey Smith, Brandon Smith, Jessica Hill, Justin Harris, Sonia R. Craine and Rodney D. Craine, Sr., for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[6] From our review of Plaintiffs' brief, it mentions proximate cause only twice: once, when listing the five elements of a negligence claim, and then, in a long block quote regarding the element of duty, which, coincidentally, contained the statement, "The role that the concept of foreseeability plays in the context of a court's determination of the existence and scope of a duty differs from the role the concept plays when the factfinder is addressing proximate causation." In their reply brief, Plaintiffs argued that there is a genuine issue of material fact as to the identity of the shooters, and added, "Not only does this fact refute Oakwood's argument (and the trial court's erroneous conclusion) as to foreseeability, it also disproves the argument (and conclusion) that there is no nexus between the shootings and Oakwood's many failures to fulfill its legal duty to manage the clubhouse." However, they cited no caselaw to construct any argument regarding proximate cause. Even if they had, issues cannot be raised for the first time in a reply brief. *See, e.g.*, *Hatfield*, 2018 WL 3740565, at *8 (explaining that after the appellant failed to address an alternative independent ground in its initial brief, the appellant attempted to address the issue in its reply brief, but this was impermissible because "appellants may not raise new issues in their reply briefs or use reply briefs to correct deficiencies in initial briefs"); *Duckworth*, 2014 WL 1514602, at *11 ("[W]e will not consider [the appellant's] belated attempt to challenge the propriety of the trial court's alternative rulings [in a reply brief].").